Wilde, J.,
delivered the opinion of the Court. The demandant claims title, in this case, under a judgment, and execution thereon, in his favor, and against one Daniel Pepoon, who, at the time of the extent thereof, was interested, as tenant in common, in a large tract of land or flats in Boston, including the demanded premises, he being seized of three undivided fourth parts, and one Thomas Lewis being seized of the residue.
The demandant extended his execution on the whole of Pepoon’s interest in a part of said flats, setting out the same by metes and bounds ; and the general question is, whether this extent is good and sufficient to pass Pepoon’s interest, or is void as against the tenants.
It appears, that, after the said execution was thus extended, and before the commencement of the present action, Lewis conveyed to the tenants and one Miel Wood his fourth part of the whole flats, which they now hold, in different proportions, in common and undivided ; and that, in January, 1810, after the demandant’s attachment, Whiting, one of the tenants, purchased of said Pepoon the whole of his interest in the said flats, and received a deed thereof, purporting to be subject only to a mortgage of the same, made by him to the Northampton Bank.
In the case of Bartlet vs. Harlow, (2) it was decided, that a conveyance by a joint-tenant, or tenant in common, * of a part of the land held in common, to a stranger, can *54 have no legal operation, to the prejudice of a co-tenant; and it seems difficult to raise a doubt in this case, without impeaching the principles upon which that cause was determined. In the argument, a fact has been noticed, which is supposed to distinguish that case from the one at bar, namely, that the proceedings under the execution hero are attempted to be avoided by the assignees of Lewis, the co-tenants of Pepoon, at the time the execution was extended ; whereas, in the other case, the respondent was the original co-tenant.
But we have not been able to perceive any good reason to support the argument founded on this distinction. All the inconveniences, which may be supposed to arise from such an extent in relation to the original co-tenant, are equally applicable to the situation of his assignees. By the assignment, all the interest, rights, and privileges of the co-tenant pass to his assignees ; and it is not necessary for him to make a previous entry on the land, to give validity to the assignment. The true ground, upon which the court went, in the case of Bartlet vs. Harlow, was, that a conveyance by a tenant in common of a part of the undivided land was void, excepting as against the party making the conveyance, or those claiming under him ; and, even in that case, that it was effectual only by the rules of estoppel. Now it would be hard to say, that, although privies and assignees of such a grantor may claim the benefit of an estoppel, to support a title not strictly legal, yet, that the lawful assignees of a co-tenant should not be allowed to protect themselves against the inconveniences resulting to them from such a conveyance. It seems to us, therefore, that the demandant’s title is defective, and that the tenants are not estopped to show the defect.
If the present action had been against Whiting alone, the facts stated might present for our consideration a question of more difficulty. If, in such case, he should set up his title under Pepoon, he would be estopped, according * to principles already noticed ; yet, perhaps, he might be well allowed to waive his claim under Pepoon, and defend himself undeit, the title derived from Lewis. But, as to this, the opinion of the Court cannot Le now required.
In the case of Varnum vs. Abbot & al., (3) which has been cited for the demandant, as fortifying the ground taken by him, the title of the tenants was supported expressly by the rules of estoppel; and the general principles laid down in that case are in strict conformity with those advanced in Bartlet vs. Harlow. Those cases were not decided hastily. The points of law, therefore, on which they depended, must be now considered as definitively settled ; agreeablv to which the tenants in the case at bar are entitled to judgment.

Demandant nonsuit.

 12 Mass Rep 348.

 12 Mass. Rep. 474.