Wilde J.
delivered the opinion of the Court. This case, being trespass quare clausum fregit, cannot be maintained, if any one of the executions under which the defendant holds was legally extended. For Y so, Jonathan Batchelor had an *473 estate in common, and the execution under which the plaintiffs claim was not well extended by metes and bounds. Besides, it is a sufficient justification for the defendant, that he, or those under whom he holds, had an estate in the premises in common, with the plaintiffs.[1]
Several objections have been raised to the proceedings of the creditors under which the defendant holds, but we cannot consider any one of them as valid.
It is first objected, that Ezra Wood, one of the appraisers, was interested, he being an attaching creditor. If this objection is open, and the return of the officer is not conclusive in this respect, it is nevertheless a sufficient answer, that if he had any interest it was altogether in favor of the debtor ; who is estopped to make the objection.[1]
It is next objected, that the portions set off on the several executions are not definite and certain ; but we perceive no want of certainty, and the portions are as definite as figures can make them.* , [2]
It is also objected, that the quantity of land appraised and set off on the several executions under which the defendant claims, exceeds the quantity contained in the whole tract, and that this also is irregular. We cannot however so consider it.[3] The execution last extended could only take the residue of the debtor’s interest, not taken on prior executions ; so that the trifling surplus which was appraised on the executions produces no error in the proportion. The mistake prejudiced none but the last attaching creditor. Neither the debtor, nor any one claiming under him, can object. Atkins v. Bean et al., 14 Mass. R. 407.
*474 The defendant’s title, therefore, must prevail, and accoi ting to the agreement of the parties, the plaintiff must become non-suit.

 See Knox v. Silloway, 1 Fairfield, 211 ; M‘Elderry v. Flannagan, 1 Harr. & Gill, 308.

 But see Mitchell, v. Kirtland, 7 Connect. R. 229.

 On this point Varnum v. Abbot, 12 Mass. R. 474,—Bartlet v. Harlow, ibid. 348, and Baldwin v. Whiting, 13 Mass. R. 57, were cited for the plaintiffs, and Adams v. Frothingham, 3 Mass. R. 352, for the defendant.

 See Buck v. Hardy, 6 Greenl. 165 ; Hedge v. Drew, 12 Pick. 141 ; Lee v. Hinman, 6 Connect. R. 165 ; Thomas v. Turvey, 1 Harr. & Gill, 435 ; Jackson v. Walker, 4 Wendell, 462 ; Walsh v. Ringer, 2 Ohio R. 327 ; Howe’s Pract. 289, 290.

 See Coos Bank v. Brooks, 2 N. Hamp. R. 148.