ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT

FOR THE

## COUNTY OF ESSEX.

---

## Nathaniel Peabody et al. versus Stephen Minot et al.

Where a part of land held in common is assigned as dower, the reversion of the dower and the residue of the land may be regarded in some respects as separate tenancies in common ; so that a creditor of one of the tenants may levy on the debtor's share in them, in different proportions, or on his share in only one of them.

Where a levy was made on undivided portions of the reversion and of the residue, and the whole land was appraised together in one sum, and not each part separately, the appraisement was held valid.

One tenant in common cannot convey his estate in a part only of the land held in common.

This was a petition for partition, representing, that the petitioners held as tenants in common with Stephen Minot and his three children, Charles, Harriet and George Minot, Daniel Gage and Hannah his wife, and other persons unknown, one eighth of a parcel of land in Bradford, containing fourteen acres ; and one fourth in three smaller parcels in the same town.

Gage and his wife were defaulted. Stephen, Charles, Harriet and George Minot, and Samuel, Martha and Helen Trask, appeared and severally pleaded, denying that the petitioners were seised as alleged.

The petitioners, on one part, and the respondents, severally, on the other part, agreed upon the following facts.

Before 1805, Samuel Trask, of Bradford, died intestate, seised of all the land described in the petition, and of two parcels in Methuen, and leaving a widow and four children. The children were Samuel Trask, Seth Trask, Hannah Gage, wife of Daniel Gage, and Rebecca Minot, wife of Stephen Minot.

The land in Bradford is all in one parcel, except so far as that the county road crosses it. The part on each side of the road is inclosed by a fence, but has never had any division fence. The two parcels in Methuen, the part in Bradford on the north side of the road, being about four acres, and two small parts of the parcel on the south side of the road, were assigned to the widow, by metes and bounds, as her dower.

Afterwards, in 1810, Moses Wingate, having an execution against Seth Trask, levied it on the reversion of one undivided *fourth* part of the two parcels in Methuen, the part in Bradford north of the road, and the two parts in Bradford south of the road, which had been assigned to the widow for her dower, and on one undivided *eighth* part of the residue of the land in Bradford south of the road, and the whole was appraised at the sum of $106, without estimating the separate value of each parcel. Seth Trask died intestate, without issue, before 1820

Moses Wingate conveyed the whole estate set off to him, to David Preston ; and that part of it which was in Bradford, Preston conveyed to the petitioners before the preferment of this petition.

The widow died in 1827.

Samuel Trask, of Portland, died intestate, leaving Samuel, Martha and Helen Trask, the respondents, his children and heirs at law.

Rebecca Minot died intestate, leaving Charles, Harriet and George Minot, her children and heirs at law ; and Stephen Minot is tenant by the curtesy of her estate in the land.

One undivided eighth of that part of which Wingate levied on only one eighth, had been previously levied on by one Goodridge, on an execution against Seth Trask.

*Saltonstall* and *Lord*, for the petitioners. The assignment of dower made a severance of one third part of the land from the rest, so that the reversion might be separately taken on

execution ; Co. Lit. 31 *a*, 32 *b ; St.* 1783, *c.* 36, § 4 ; *St.* 1817, *c.* 190, § 24, 31 ; Ancient Charters, &c. 99, 359 ; and Wingate's levy therefore on the debtor's interest in the reversion and in the other two thirds, in different proportions, was valid. *Bartlet* v. *Harlow*, 12 Mass. R. 348 ; *Baldwin* v. *Whiting*, 13 Mass. R. 57 ; *Williams* v. *Amory*, 14 Mass. R. 20 ; *Atkins* v. *Bean*, ibid. 404 ; *Cutting* v. *Rockwood*, 2 Pick. 443. It is not necessary to make a several appraisement of each of several parcels of land set off on execution. *Bond* v. *Bond*, 2 Pick. 382.

*Minot*, for the respondents. An execution against a tenant in common cannot be levied on his whole estate in a part of the land, by metes and bounds ; but should be extended on a part of the estate in the whole of the land. *Porter* v. *Hill*, 9 Mass. R. 34 ; *Bartlet* v. *Harlow*, 12 Mass. R. 348 ; *Varnum* v. *Abbot*, ibid. 374 ; *Baldwin* v. *Whiting*, 13 Mass. R. 57. A tenant in common cannot legally convey by deed or otherwise the whole of his estate in a part only of the land, nor do any other act that may be to the prejudice of his cotenant. *Bartlet* v. *Harlow*, 12 Mass. R. 348, and cases there cited. Wingate's execution was not legally levied, because it was levied on only *one eighth* of one part of the land, but on *one fourth* of all the rest ; and if it could not be levied on the whole estate in a part only of the land, by the same principle it could not be levied on *different proportions* of the estate in several parts of the land.

The dower was a mere incumbrance on a part of the land, and might be justly estimated in the appraisal of the land ; it could not occasion any difficulty in making a partition or alienation of the land ; and so could not operate to disconnect the estate in the dower land from that in the other land. And the evil and inconvenience to the cotenants would be equally great in dividing the dower separately from the rest of the land, and in dividing any one parcel separately from the rest.

Further, Wingate's levy was not good, for the whole of all the parcels was appraised in his levy, at one general sum, without naming the value of each. The petitioners, claiming under that levy, must treat the whole land as one estate, or as separate estates ; if as one estate, then the levy should have been

on an equal proportion of all the land ; if as separate estates, then the value of each should appear in the levy, so that the person entitled to redeem may redeem one without paying for the other, in which he may not have any interest.

A fatal objection to this petition arises from the fact, that although the whole of the reversion of the dower land was levied on by Wingate and by him conveyed to Preston, yet Preston conveyed only a part of it to the petitioners. *Bartlet v. Harlow*, 12 Mass. R. 348.

Morton J. delivered the judgment of the Court. The petitioners claim under the levy of an execution in favor of Moses Wingate against Seth Trask. Seth Trask was one of the four children and heirs of Samuel Trask, deceased, to whom his estate descended. Dower was assigned to the widow of Samuel, but the estate was never divided among the heirs. Wingate levied his execution upon *one fourth* of the reversion of the dower and *one eighth* of the residue of the estate. An execution had before been levied upon an eighth of the same ; and if the first levy was valid, Wingate took all the estate and interest that remained in the judgment debtor. These two levies rest upon the same principle and must stand or fall together.

It has been settled by this Court in several adjudications, which have never been questioned, that as a tenant in common has only an undivided interest, so an execution can only be levied upon an undivided share. *Bartlet v. Harlow*, 12 Mass. R. 348 ; *Baldwin v. Whiting*, 13 Mass. R. 57. This principle applies directly to the first levy and indirectly to the second. The ground of the decisions is, that as a tenant in common cannot do any thing inconsistent with the rights and interests of his cotenants, neither can his creditors. They can only acquire the estate and rights which he holds.

Each tenant has a right to have his share set off to him in severalty, in such part of all the land held in common as the proper tribunal shall assign to him. No tenant can do any thing inconsistent with this right. Hence no tenant can convey by deed or by the levy of an execution, which is a statute mode of conveyance, any specific parcel of the common land in severalty, or his proportion of any specific parcel. To

take one proportion of one parcel, and a different proportion of another parcel, would as essentially infringe the rights of the cotenants, as to take an undivided portion of a specific parcel. Such a levy would, therefore, be condemned by the principle of the cases referred to.

But it is possible that there may be tenancies in common so situated that the doctrine would not apply to them. The foundation of the rule is the injury to the cotenants. And one tenant may always manage his own estate in any way he pleases, provided he does not injure his cotenants. If common lands lie in two different counties, a partition can be compelled only by two different processes and two different commissions, and of course by assigning to each tenant severally a purparty of what lies in each county. *Bonner, Petitioner,* 4 Mass. R. 122. How then could a conveyance of a tenant's share of the land in one county impair the rights of the other tenants ?

The relation of tenants in common to their estate and to each other, may also be affected and changed by the operation of law or the action of the judicial tribunals. When a tenant in common dies, the judge of probate has a discretion to have his purparty severed before it is distributed among his heirs, or to be distributed as a tenancy in common. *St.* 1817, *c.* 190, § 25 ; *St.* 1820, *c.* 54.

So in the distribution of real estate among heirs or devisees, the judge of probate has a discretionary power to order a division of the reversion of the dower with the rest of the estate, or at the expiration of the life estate. *St.* 1817, *c.* 190, § 31. The assignment of dower materially affects the estates and interests of the tenants. On the death of the ancestor the estate descends to his heirs and they immediately become seised of it as tenants in common. Neither can convey, nor can a creditor of either seize on execution, any particular parcel of it. It is subject to the widow's dower, and when that is set off, they remain seised and in the actual possession of two thirds and seised of the reversion of the other third, but not entitled to the possession till after the termination of the estate in dower. These, for some purposes at least, may be deemed two distinct tenancies in common, the one, of the two thirds in fee, and the other, of the reversion of the one

third. The share of either tenant, therefore, may be conveyed or levied upon separately.

The objection to the mode of appraisal is answered by the case of *Bond* v. *Bond*, 2 Pick. 385 ; in which it is directly decided, that several parcels of real estate may legally be appraised together in one gross estimate.

Wingate's title was therefore good, and his conveyance to Preston valid. Preston became seised as tenant in common of *one fourth* of the reversion of the dower, and of *one eighth* of the other two thirds of the estate. He conveyed to the petitioners all that part of the estate which lay in the town of Bradford. The whole of the two thirds is in that town, but a part of the dower lies in Methuen. His deed purported to convey only a part of one of the tenancies in common, and upon the principles above explained was ineffectual to pass any part of it. But as to the other tenancy the objection does not apply, and the petitioners must have assigned to them *one eighth* of that part of the estate which was not set off to the widow.

The petitioners having recovered less than they claim in the petition, the respondents are entitled to costs. But as they are the heirs of one of the children of Samuel Trask, they in effect are but one party. And although they have pleaded separately, yet they all make the same defence, and their several pleas have not had the slightest effect upon the trial. They can, therefore, be allowed only single costs.