**Kathleen P. DWYER, Chapter 7 Trustee, Appellant,**

**v.**

**Joseph J. CEMPELLIN and Adele Cempellin, Appellees.**

**Civ. A. No. 95–10179–RGS.**

United States District Court, D. Massachusetts.

Oct. 27, 1995.

Kathleen P. Dwyer, Trustee, Robert L. Holloway, Jr., Stephen J. Drohosky, Ardiff & Morse, P.C., Danvers, MA, for Appellant.

---

William F. Kahn, Community Legal Services, Beverly Farms, MA, for Appellees.

## MEMORANDUM OF DECISION AND ORDER FOR CERTIFICATION

STEARNS, District Judge.

This is an appeal from an order of the Bankruptcy Court overruling an objection by Kathleen P. Dwyer, the Chapter 7 Trustee for debtors Joseph and Adele Cempellin. The Trustee objected to the Cempellin's claim of a $92,000 exemption in their residence pursuant to the homestead statute, M.G.L. c. 188, § 1. The Trustee based her objection on the fact that the Cempellins had filed a joint declaration of homestead when the statute (as in effect when the declaration was filed) stipulated that "only one owner may acquire an estate of homestead in any such home for the benefit of his family." The Bankruptcy Judge, after determining the statute to . be "internally inconsistent," construed it "liberally in favor of the exemption," citing *In re Giarrizzo*, 128 B.R. 321, 322 (Bankr.D.Mass.1991). The Bankruptcy Court ruled that while Mrs. Cempellin's declaration was a "legal nullity," her husband's declaration survived for the benefit of both. The Trustee claims error in the Bankruptcy Court's reliance on a federal rule of statutory construction in reaching its conclusion.

### STANDARD OF REVIEW

Review of the Bankruptcy Court's rulings of law is *de novo*. Fed.R.Bankr.P. 8013. *In re First Software Corporation*, 97 B.R. 711, 713 (D.Mass.1988).

### FACTS

The facts are undisputed. On October 30, 1981, Jennie Hudon, the original owner, conveyed her one hundred percent interest in the homestead to John Cempellin and the debtors as joint tenants, thus giving each an undivided one third interest in the property. On November 13, 1981, the debtors recorded a joint homestead declaration. On October 3, 1985, John Cempellin conveyed his one third interest to the debtors. Because he failed to specify the type of ownership interest he meant to convey, the Cempellins took title to his one third share as tenants in

common. See M.G.L. c. 184, § 7. On August 22, 1994, the Cempellins filed a voluntary petition under Chapter 7 of the Bankruptcy Code. At that time, they held a two-thirds interest in the homestead as joint tenants and a one-third interest as tenants in common. The Cempellins claimed a homestead exemption, thus effectively excluding all of the equity in their home (approximately $92,000) from the bankruptcy estate.

### THE HOMESTEAD STATUTE

Prior to December 5, 1977, M.G.L. c. 188, § 1, read, in pertinent part:

A *householder* who has a family shall be entitled to acquire an estate of homestead to the extent of $30,000.00 in value in the land and buildings thereon owned or rightly possessed by lease or otherwise and occupied by *him* as a residence; and such estate shall be exempt from the laws of conveyance, descent and devise and from attachment, levy on execution and sale for the payment of his debts or legacies [except in five enumerated circumstances not relevant here]. [Emphasis added].

M.G.L. c. 188, § 4, as then appearing, further provided that "the estate of homestead existing at the death of the householder shall continue for the benefit of his widow and minor children."

The statute was amended in 1977. St.1977, c. 791, § 1. In pertinent part, M.G.L. c. 188, § 1, appeared as follows through June 30, 1983:

An estate of homestead to the extent of $50,000.00 in the land and buildings may be acquired pursuant to this chapter *by an owner of a home,* or *one* who rightfully possesses premises by lease or otherwise, who has a family and occupies or intends to occupy said home as a principal residence; and such estate shall be exempt from the laws of conveyance, descent and devise and from attachment, levy on execution and sale for the payment of *his or her* debts or legacies [except in five enumerated circumstances not relevant here].

For the purposes of this chapter, an owner of a home shall include a sole owner, joint tenant, tenant by the entirety or tenant in

common; provided, *that only one owner may acquire an estate of homestead in any such home for the benefit of his family;* and provided further, that an estate of homestead may be acquired on only one principal residence for the benefit of a family. [Emphasis added].

Section 4 was also rewritten in 1977 to make it gender neutral. St.1977, c. 791, § 3. As amended, section 4 read: "[t]he estate of homestead existing at the death of a *person* holding a homestead shall continue for the benefit of the surviving *spouse* and minor children...." [Emphasis added].

In 1983, M.G.L. c. 188, § 1, was amended again, and except for minor modifications, this version is in effect today. It reads as follows:

An estate of homestead to the extent of one hundred thousand dollars in the land and buildings may be acquired pursuant to this chapter by an *owner or owners of a home or one or all who rightfully possess the premise by lease or otherwise* and who occupy or intend to occupy said home as a principal residence. Said estate shall be exempt from the laws of conveyance, descent, devise, attachment, levy on execution and sale for payment of debts or legacies except in the following cases:

1. Sale for taxes;

2. for a debt contracted prior to the acquisition of said estate of homestead;

3. for a debt contracted for the purchase of said home;

4. upon an execution issued from the probate court to enforce its judgment that a spouse pay a certain amount weekly or otherwise for the support of a spouse or minor children;

5. where buildings on land not owned by the owner of a homestead estate are attached, levied upon or sold for the ground rent of the lot whereon they stand.

For the purposes of this chapter, an owner of a home shall include a sole owner, joint tenant, tenant by the entirety or tenant in common; provided, *that only one owner may acquire an estate of homestead in any such home for the benefit of his family;* and provided further, that an estate of homestead may be acquired on only one principal residence for the benefit of a family. For the purposes of this chapter, the word "family" shall include either a parent and child or children, a husband and wife and their children, if any, or a sole owner. [Emphasis added].

The Trustee claims that the 1977 version of the statute, which was in effect at the time the Cempellins recorded their declaration, is controlling. Under that version, according to the Trustee, there is no ambiguity in the requirement that to be valid a homestead declaration must name only one declarant. By recording as joint owners, the Trustee argues that the Cempellins invalidated the declaration and consequently are not entitled to the exemption.

## DISCUSSION

There are three questions of law to be addressed in this case. First, was the Bankruptcy Judge correct in relying on federal law to give M.G.L. c. 188, § 1, a construction presumptively favorable to the debtors? Second, which version of the homestead statute applies to the Cempellins? And third, are the Cempellins entitled to an exemption under the applicable version of the statute?

### 1. The Bankruptcy Judge's Choice of Law

■ The Bankruptcy Judge's reliance on federal law in determining that "the controlling principle should be that of construing the law liberally in favor of the exemption," was error. While it is beyond dispute that the exemptions of the federal bankruptcy code must be liberally construed, "in determining the scope of a state created exemption, the bankruptcy court must look to state law." *In re Love,* 42 B.R. 317, 319 (Bankr. E.D.N.C.1984). Thus, in analyzing M.G.L. c. 188, § 1, the Bankruptcy Court was obligated to confine itself to Massachusetts law without reference to the policies of the federal Bankruptcy Code. As Chief Judge Kenner explained in *In re Miller,* 113 B.R. 98, 101 (Bankr.D.Mass.1990):

[A] Bankruptcy Court ruling on an issue of state law must rule as it believes the highest court of the state would rule. When the highest court has not addressed the issue, the Bankruptcy Court should not regard lower court rulings on the issue as dispositive. Rather, it should attempt to predict what the highest court would do and to that end should accord proper regard to decisions of other courts of the state.

The Bankruptcy Judge's resort to federal law, while error, may be explained by the paucity of guidance in Massachusetts cases. The only pertinent commentary is a footnote in an opinion of the Appeals Court, *Atlantic Savings Bank v. Metropolitan Bank and Trust Co.*, 9 Mass.App.Ct. 286, 289–290 n. 8, 400 N.E.2d 1290 (1980), which observes in dicta that "[n]o Massachusetts case has been brought to our attention holding that a joint declaration can be construed as a valid declaration by one of the parties. Statute 1977, c. 791, § 1, rendered the statute gender neutral but provides that 'only one owner may acquire an estate of homestead in any such home for the benefit of his (or her) family.'"

### 2. The Choice Among Competing Versions of M.G.L. c. 188, § 1

The 1983 Act expressly deleted language limiting eligibility for the exemption to a single declarant. It substituted instead the provision that "[a]n estate of homestead may ... be acquired ... by an owner *or owners* of a home or one *or all* who rightfully possess the premise by lease or otherwise." [Emphasis added]. However, it left unchanged the provision of the 1977 version of the statute stipulating that "only one owner may acquire an estate of homestead in any such home for the benefit of his family."

The Trustee, citing M.G.L. c. 188, § 10 ("[a]ll existing estates of homestead which have been acquired under any law heretofore in force shall continue to be held and enjoyed notwithstanding the repeal of such law"), as-

serts that the 1977 statute, which was in force at the time the Cempellins filed their joint declaration, suffers from no internal inconsistency, and is determinative. According to the Trustee, absent a legislative declaration to the contrary, a statute affecting substantive rights operates prospectively and cannot be invoked to validate a homestead that was invalid when it was declared. The point is at least debatable. The homestead statute has been amended at regular intervals to adjust the dollar amount of the exemption without any understanding that homesteaders were required to refile their declarations in order to take advantage of the higher amount.[1] One could view the purpose of M.G.L. c. 188, § 10, as insuring that while homesteaders will never have *less* protection than that offered by the statute under which they file, they will always have the benefit of *more*.

### 3. The Application of the Homestead Statute to the Facts of this Case.

Even if the 1983 version of M.G.L. c. 188, § 1, is held to apply to the Cempellin's case, the Trustee's position, as expounded at oral argument, is that the 1983 version provides no greater help to the debtors than does the 1977 version. As the Trustee points out, both versions of the statute contain the limiting language that "only one owner may acquire an estate of homestead in any such home for the benefit of his family."[2] By contrast, the Trustee notes that section 1A of the statute, which extends special homestead protections to the elderly and disabled, includes language unambiguously granting multiple owners the right to declare a common stake in their homestead. As enacted in 1987, the relevant portion of section 1A reads:

> Each individual having an ownership interest in the real property ... which serves as that individual's principal residence and who qualifies under the provisions of this

---

1. The Trustee concedes that it is "the common understanding among practitioners that any legislative increase in the dollar value of the homestead estate applies to all validly declared homesteads, regardless of when declared." Appellant's brief, at 12 n. 3.

2. The Trustee concedes that "[t]he legislature's reasoning in so limiting the homestead statute cannot be determined." Appellant's brief, at 10. The parties agree that the Legislature never intended to permit multiple owners to claim an aggregate exemption in excess of $100,000.

section shall ... be eligible for protection of such ownership interest up to a maximum amount of two hundred thousand dollars *per individual,* regardless of whether such declaration is filed individually or jointly with another. [Emphasis added].

The inclusion of similar language in section 1 of the 1983 statute would have unambiguously determined the Cempellins' right to an exemption. The Legislature's omission, the Trustee argues, could indicate an intent to reinforce the paramountcy of the traditional "head of household" in the family's economic life. On the other hand, one might look at the 1983 amendment itself as the Legislature's adoption of a more contemporary view of the actual distribution of economic power within the typical household, a purpose which was obscured by a serious drafting oversight.[3]

 Because I cannot make an informed prediction as to how the underlying issue would be resolved by the Massachusetts Supreme Judicial Court, and because it is one of some importance to the conveyancing bar and potentially affected homeowners, I have adopted the parties' suggestion that I seek the authoritative determination of Massachusetts' highest court.

### CERTIFICATION

The following questions are respectfully certified to the Supreme Judicial Court of Massachusetts:

1. Should the validity of a purported Declaration of Homestead under G.L. c. 188, § 1, recorded on November 13, 1981, be determined under the version of G.L. c. 188, § 1, in effect at the date of recording, or under the version of G.L. c. 188, § 1, in effect on August 22, 1994, the date on which the declarants' Chapter 7 Bankruptcy Petition was filed?

2. Should a purported joint Declaration of Homestead by husband and wife, recorded on November 13, 1981, be deemed invalid because of the require-

ment under G.L. c. 188, § 1, "that only one owner may acquire an estate of homestead in any such home for the benefit of his family," and if it is, is it invalid as to both filers?

SO ORDERED.

---

**3.** The fact that the retained language is not gender neutral (i.e., "his family") might be some evidence supporting this view. It might also be the case, as the debtors argue, that the Legisla-

ture intended to create two classes of declarants, permitting multiple owners to invoke the exemption for their own purposes, but allowing only one to claim the benefit for his (or her) family.