**In re Michael BALLIRANO, Debtor.**

**In re Margaret Ballirano, Debtor.**

**Bankruptcy Nos. 98–18690–WCH, 98–18700–WCH.**

United States Bankruptcy Court, D. Massachusetts, Eastern Division.

May 6, 1999.

**12**

---

Deena F. Christelis, Boston, MA, for debtor.

Robert S. Ovoian, Attleboro, MA, for Belliveau Building Corp.

Adam J. Ruttenberg, Boston, MA, for Chapter 7 Trustee.

## DECISION REGARDING OBJECTION TO HOMESTEAD EXEMPTION

WILLIAM C. HILLMAN, Chief Judge.

Michael and Margaret Ballirano (individually "Michael" and "Margaret", collectively the "Debtors") purchased property in Rehoboth, Massachusetts as tenants by the entirety after February 1980 (the "Property"). In June of 1998, an arbitrator found in favor of Belliveau Building Corporation (the "BBC") for funds the Debtors owed to BBC for a house it built on the Debtors' real estate. On August 13, 1998, both Michael and Margaret filed separate Declarations of Homestead on the Property.

On September 4, 1998, Michael filed for relief under Chapter 7 of the United States Bankruptcy Code. On September 8, 1998, Margaret also filed for relief under Chapter 7. The cases are jointly administered pursuant to an order dated January 4, 1999.

In their separate Schedules A, the Debtors listed their interest in the Property. They both stated that they own the Property as tenants by the entirety. They further disclosed that the Property has a value of $165,000 and that the secured claim is $93,000. The Debtors claimed exemptions in the Property pursuant to Mass.Gen.Laws ch. 188, § 1.[1]

---

**1.** Mass.Gen.Laws ch. 188, § 1 provides as follows:

An estate of homestead to the extent of one hundred thousand dollars in the land and

Both the Chapter 7 trustee (the "Trustee") and BBC filed objections to the Debtors' claims of exemptions.[2] After conducting a hearing on, *inter alia,* the objections to exemptions, I entered an order disposing of all the motions and the objections to exemptions with one exception, the homestead exemptions. I further ruled that Margaret's homestead exemption was a nullity. I took the objection to Michael's homestead exemption under advisement.

In its initial objection, BBC objects to Michael's homestead exemption on two grounds. It first argues that because its claim arose prior to Michael's declaration of homestead, the claim is not subject to the exemption citing Mass.Gen.Laws ch. 188, § 1. It then argues that because only one member of a household can claim the exemption, the exemption can shield only $100,000 of equity.

In its post-hearing brief, BBC again presents two grounds with a slightly different argument. First, BBC acknowledges that the holding of *Patriot Portfolio v. Weinstein (In re Weinstein),* 164 F.3d 677 (1st Cir.1999) prevents exclusion of a debt which arose prior to the homestead declaration from the application of the homestead exemption. BBC argues that *Weinstein* is limited to interpreting the affect of pre-declaration debts under Mass. Gen.Laws ch. 188, § 1(2). Because its debt arose from the construction of the Debtors home, BBC argues that its claim is excepted from the homestead declaration under Mass.Gen.Laws ch. 188, § 1(3).

BBC contends that *Weinstein* should not be extended to apply to such debts.

BBC's second argument is that because only Michael can benefit from the declaration of homestead, the declaration should be applied only to his equity in the Property. That is, the exemption should not be applied to the equity that remains after deducting the mortgage from the fair market value, rather, the exemption should be applied to one half of the equity that remains after deducting the mortgage from the fair market value. BBC contends that Michael's interest in the tenancy by the entirety would be easily determinable. It asserts that because under state law the Property would be dividable as all of the debts are joint debts, in bankruptcy the Property should be divided and the homestead should attach only to Michael's interest.

In response to BBC's first argument, the Debtors argue that *Weinstein* is directly on point and mandates overruling BBC's objection to Michael's homestead exemption on the grounds that its debt is excluded from the claimed exemption. In response to the second argument, the Debtors argue that the homestead exemption should be applied to the total equity in the Property.

In his post-trial brief, the Trustee agrees with the Debtors. That is, the Trustee concludes that because Mass.Gen. Laws ch. 188, § 1 refers to a homestead "for the benefit of the family", the exemption must be applied to the equity remain-

---

buildings may be acquired pursuant to this chapter by an owner or owners of a home or one or all who rightfully possess the premise by lease or otherwise and who occupy or intend to occupy said home as a principal residence. Said estate shall be exempt from the laws of conveyance, descent, devise, attachment, levy on execution and sale for payment of debts or legacies except as follows:

(1) sale for taxes;

(2) for a debt contracted prior to the acquisition of said estate of homestead;

(3) for a debt contracted for the purchase of said home; . . . an estate of homestead

may be acquired on only one principal residence for the benefit of a family. For the purposes of this chapter, the word 'family' shall include either a parent and child or children, a husband and wife and their children, if any, or a sole owner.

2. The Trustee agrees with the Debtor that there is little likelihood that the Property would sell for an amount in excess of the mortgage and a homestead claim of $100,000. The value of the Property is not at issue in this decision.

14

ing after deducting the mortgage from the fair market value. The Trustee did not address the *Weinstein* issue.

It is that issue to which the Court will first turn. In *Weinstein,* the creditor obtained a judgment lien prior to the date on which the debtor filed a homestead declaration. The debtor filed for bankruptcy relief and the creditor objected to the debtor's claimed homestead exemption on the grounds that its lien arose prior to the homestead declaration and therefore should be deemed an exception to the exemption. The bankruptcy court allowed the debtor to avoid the lien and ruled that the state law exceptions to the exemption were inapplicable in bankruptcy because such exceptions conflicted with the Bankruptcy Code. *See Weinstein,* 164 F.3d at 679. In affirming the district court and bankruptcy court, the First Circuit concluded that 11 U.S.C. § 522(c) preempted the exception to the homestead exemption found in paragraph 2 of Mass.Gen.Laws ch. 188, § 1. *Id.* at 682.

The First Circuit did not address whether 11 U.S.C. § 522(c) pre-empted paragraph 3 of Mass.Gen.Laws ch. 188, § 1. Such a result must follow, however, because 11 U.S.C. § 522(c) does not protect such a debt. Accordingly, it is irrelevant whether BBC characterizes its claim to an exception from the exemption under paragraph (2) or (3) of Mass.Gen.Laws ch. 188, § 1. Based upon the holding and reasoning of *Weinstein,* 11 U.S.C. § 522(c) preempts both of these exceptions. Therefore, BBC's objection on that ground is overruled.

The second issue is whether the homestead exemption applies to the equity that remains after deducting the mortgage from the fair market value or whether it applies to only Michael's interest in the Property. I must decide how to apply the Massachusetts homestead exemption based upon how I predict the Supreme Judicial Court would rule on the matter. *See Dwyer v. Cempellin,* 189 B.R. 230, 232 (D.Mass.1995).

In *Dwyer v. Cempellin,* the Supreme Judicial Court concluded that "in light of the public policy and purpose of the statute, the State homestead exemption should be construed liberally in favor of the debtors." *Dwyer v. Cempellin,* 424 Mass. 26, 30, 673 N.E.2d 863, 866 (1996) ("Homestead laws are based on a public policy which recognizes the value of securing to householders a home for the family regardless of the householder's financial condition."). It also repeated that the purpose of the homestead statute "is to protect the home from the claims of creditors for the benefit of the homestead declarant *and his or her family.*" *Id.* at 29–30, 673 N.E.2d 863 (emphasis added); *See also Shamban v. Masidlover,* 429 Mass. 50, 53, 705 N.E.2d 1136, 1138 (1999) (reiterating the holding of *Dwyer v. Cempellin* ). Because the language in the homestead statute and the aforementioned cases stress the importance of a homestead in protecting and benefitting both the declarant and the declarant's family, I conclude that the proper application of the homestead exemption is to the equity which remains after deducting the mortgage from the fair market value of the Property. To rule otherwise would ignore the language of the statute and the preference of the Supreme Judicial Court. Accordingly, BBC's objection on this ground is overruled.