**In re Luanne CASSESE, Debtor.**

**No. 02–44456–JBR.**

United States Bankruptcy Court,
D. Massachusetts,
Western Division.

Dec. 13, 2002.

Carolyn R. Henderson, Kendra E. Lychuiala, Worcester, MA, for Debtor.

John A. Burdick, Worcester, MA, trustee.

*MEMORANDUM ON CHAPTER 7 TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTION IN HOMESTEAD [DOCKET #7]*

JOEL B. ROSENTHAL, Bankruptcy Judge.

The matter before the Court is the Chapter 7 Trustee's Objection to Debtor's Claimed Homestead Exemption. The Court heard oral arguments and gave the parties time to file post argument memorandum. For the reasons set forth herein, the Court shall enter an order sustaining the Trustee's objection.

## BACKGROUND

Luanne Cassese (the "Debtor") filed a voluntary Chapter 7 petition on July 18, 2002. On Schedule A–Real Property, the Debtor listed property located at 27 Commonwealth Avenue, Shrewsbury, MA (hereinafter, the "Property") as jointly owned with her ex-husband, Mr. Kittleson. She scheduled the current market value of the Property as $245,000 with a mortgage in the amount of $143,700. On Schedule C the Debtor claimed an exemption in the Property in the amount of $101,300 based on the Massachusetts homestead exemption, M.G.L. c. 188, § 1.

The Debtor and Mr. Kittleson executed a divorce agreement on October 31, 2000 and three months later, on January 31, 2001, the divorce became final. Despite the divorce, the Debtor and Mr. Kittleson continue to live on the Property with their two minor children. On July 23, 2001, approximately six months after the divorce became final, Mr. Kittleson filed a declaration of homestead on the Property. The Debtor never filed a declaration of homestead on the Property.

## DISCUSSION

The nature of property interest that the Debtor holds in the Property is not disputed. Once the Debtor and her ex-husband were divorced, the form of ownership of the marital home, which had been a tenancy by the entirety, was transformed by operation of law into a tenancy in common. *Bernatavicius v. Bernatavicius,* 259 Mass. 486, 489–90, 156 N.E. 685, 687 (Mass.1927). Thus, the Debtor and Mr. Kittleson each hold a separate interest in the Property.

The Debtor argues that she is entitled to base her exemption on her ex-husband's homestead. She reasons that the Massachusetts homestead exemption limits the filing of an estate of homestead on a property to a single owner of that property and, therefore, once Mr. Kittleson filed a declaration of homestead on the Property, the Debtor could not file her own separate declaration. The Debtor urges the Court to liberally interpret the Massachusetts homestead exemption in her favor to allow her to claim an exemption in her Chapter 7 bankruptcy based on the homestead declaration. The Court rejects the Debtor's argument and sustains the Trustee's objection.

## The Massachusetts Homestead Statute—M.G.L. c. 188, § 1.

In Massachusetts "[a]n estate of homestead to the extent of $300,000 in land and buildings may be acquired ... by *an owner or owners* of a home ... who occupy or intend to occupy said home as a principal residence." M.G.L. c. 188 § 1 (emphasis added).[1] The effect of filing a

---

1. M.G.L. c. 188, § 1 reads in full:
   An estate of homestead to the extent of $300,000 in the land and buildings may be acquired pursuant to this chapter by *an owner or owners* (emphasis added) of a home or one or all who rightfully possess

homestead exemption is not limited to the person who files, but rather extends to the declarant's family. For example, the wife of a husband who files an estate of homestead could use the exemption in bankruptcy even though she is not the original declarant. *See In re Taylor*, 280 B.R. 294, 298 (Bankr.D.Mass.2002), *citing In re Ballirano*, 233 B.R. 11, 14 (Bankr.D.Mass. 1999).

■ The exemption, however, is subject to several restrictions. One such restriction reads: "provided, that only one owner may acquire an estate of homestead in any such home for the benefit of his family." M.G.L. c. 188, § 1. It is the Debtor's position that this restriction should be interpreted to mean that once a homestead is filed on a given property, no other owner may file a separate homestead on that property unless the first homestead is somehow terminated. The Debtor reasons that because her ex-husband filed an estate of homestead on the Property on July 23, 2001, she was unable to file a separate homestead on the Property.

Based on the plain language of the statute, the Court disagrees with the Debtor's interpretation. First, the express language of the statute refers to "an owner or owners of a home" as among those eligible to declare a homestead. Further, the Debtor focuses on the phrase "only one owner may acquire an estate of homestead in any such home," but ignores the modifying words that follow that phrase, "for the benefit of his family." Read as a whole, this sentence only prevents two owners within the same family from each filing a declaration of homestead and is not a universal prohibition, as the Debtor would suggest, preventing co-tenants filing separate declarations.

Following the Debtor's arguments to a logical conclusion, the Debtor's interpretation would create serious problems for co-tenants. If only one co-tenant were permitted to file a homestead exemption on a given property, a race between the co-tenants would ensue. Arguably, the first co-tenant to file would receive a valid homestead exemption while all other co-tenants would be unable to protect their families by filing a homestead on their interest in the property. This problem would be particularly troublesome where two unrelated co-tenants own a given

the premise by lease or otherwise and who occupy or intend to occupy said home as a principal residence. Said estate shall be exempt from the laws of conveyance, descent, devise, attachment, levy on execution and sale for payment of debts or legacies except in the following cases:
(1) sale for taxes;
(2) for a debt contracted prior to the acquisition of said estate of homestead;
(3) for a debt contracted for the purchase of said home;
(4) upon an execution issued from the probate court to enforce its judgment that a spouse pay a certain amount weekly or otherwise for the support of a spouse or minor children;
(5) where buildings on land not owned by the owner of a homestead estate are attached, levied upon or sold for the ground rent of the lot whereon they stand;
(6) upon an execution issued from a court of competent jurisdiction to enforce its judgment based upon fraud, mistake, duress, undue influence or lack of capacity. For the purposes of this chapter, an owner of a home shall include a sole owner, joint tenant, tenant by the entirety or tenant in common; provided, that only one owner may acquire an estate of homestead in any such home for the benefit of his family; and provided further, that an estate of homestead may be acquired on only one principal residence for the benefit of a family. For the purposes of this chapter, the word "family" shall include either a parent and child or children, a husband and wife and their children, if any, or a sole owner. M.G.L. c. 188, § 1.

property. Such a result clashes with long-standing law of the Commonwealth that "one tenant may always manage his own estate in any way he pleases, provided he does not injure his co-tenants." *See Ladd v. Swanson,* 24 Mass.App.Ct. 644, 645, 511 N.E.2d 1112, 1113 (1987), *citing Peabody v. Minot,* 41 Mass. 329, 24 Pick. 329, 333 (1834); *Mills v. Blakelin,* 307 Mass. 542, 546, 30 N.E.2d 873 (1941).

■ Based on the plain language of the statute and public policy considerations, this Court believes that the statute is clear. An owner/co-tenant, who is not already protected by being in the same family (as that phrase is defined in the statute) of a declarant, may file a separate declaration of homestead on the property for the benefit of his separate family. A co-tenant who is already covered by an existing homestead exemption filed by a family member, such as a husband and wife, however, may not file a separate homestead exemption. *See Dwyer v. Cempellin,* 424 Mass. 26, 673 N.E.2d 863 (Mass.1996) (joint declaration of homestead by husband and wife was valid, but only as to person who signed first).

Given this reading of the statute, the issue before this Court becomes: are the Debtor and her ex-husband, Mr. Kittleson, a "family" for purposes of the Massachusetts homestead exemption?

**"Family" within the context of M.G.L. c. 188, § 1**

■ Section 1 of the homestead statute defines "family" for use within the statute: "the word 'family' shall include either a parent and child or children, a husband and wife and their children, if any, or sole owner." M.G.L. c. 188 § 1. The Debtor argues that under this definition, she and Mr. Kittleson, even though divorced, constitute the same family. She reasons, therefore, she is prevented from filing a separate declaration of homestead and

should be permitted to use the declaration filed by Mr. Kittleson in her bankruptcy.

The Supreme Judicial Court has provided the following guidance in the interpretation of the homestead statute:

Homestead laws are based on a public policy which recognizes the value of securing to householders a home for the family regardless of the householder's financial condition...Public policy dictates that exemption laws, such as homestead provisions, should be liberally construed to comport with their beneficent spirit of protecting the family home...The obvious legislative purpose of G.L. c. 188, § 1, is to protect the home from the claims of creditors for the benefit of the homestead declarant and his or her family. We conclude that, in light of the public policy and the purpose of the statute, the State homestead exemption should be construed liberally in favor of the debtors. *Dwyer v. Cempellin,* 424 Mass. 26, 29–30, 673 N.E.2d 863, 865 (Mass.1996).

Even the most liberal construction of the Massachusetts homestead exemption, however, will not permit the Court to ignore explicit language in the statute. The Debtor and Mr. Kittleson do not fit within the definition of "family." The Debtor and the two children meet the statute's definition of a family and Mr. Kittleson and the two children meet the definition of a family. Mr. Kittleson and the Debtor, however, as they relate to one another, fall outside of the definition. For purposes of the homestead statute, there are two families living at the Property—one family consists of the Debtor and the two children, while the other consists of Mr. Kittleson and the two children. Both the Debtor and Mr. Kittleson are eligible to file an estate of homestead for the benefit of their respective families. Mr. Kittleson did so and the

Debtor did not. Therefore, the Debtor cannot claim a homestead in the Property.

For the reasons set forth above, this Court finds that the Debtor is not entitled to a Massachusetts homestead exemption based on the filing made by the Debtor's ex-husband after they were divorced. The Court SUSTAINS the Trustee's objection to the Debtor's exemption.

A separate order will issue.