**In re Beth A. FARRENKOPF, Debtor.**

No. 02–16219–CJK.

United States Bankruptcy Court,
D. Massachusetts.

Feb. 13, 2004.

Barry Levine, Wakefield, MA, for Debtor.

Kevin Sullivan, Boston, MA, for Charles Humphrey.

Gary Cruickshank, Boston. MA, Chapter 7 Trustee.

## MEMORANDUM OF DECISION ON DEBTOR'S MOTION TO AVOID LIENS

CAROL J. KENNER, Bankruptcy Judge.

The issues presented here are (i) whether a debtor may rely on her non-debtor spouse's declaration of homestead to claim real property held by them as tenants by the entirety exempt under Massachusetts General Laws ch. 188 § 1, and, (ii) if so, is a judicial lien that is only against the interest of the non-debtor spouse in the real property "a lien on an interest of the debtor" so that she may avoid it pursuant to Section 522(f) of the United States Bankruptcy Code.

### Procedural Setting:

The Debtor, Beth A. Farrenkopf, filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code in August 2002. She then filed a *Motion Pursuant to 11 U.S.C. Section 522(f)(1) to Avoid Liens Impairing Debtor's Exemption* ("Motion to Avoid Liens") whereby she seeks to avoid judicial liens that she says impair her right to an exemption in her interest in the real property located at 10 Liberty Lane, Lynnfield, Massachusetts (the "Property"). One of the lienholders, Charles Humphrey, filed a timely opposition, arguing that the Debtor may not avoid his lien because it is against the interest of the non-Debtor spouse in the Property only; Humphrey's lien is **not** against the interest of this Debtor. I held a hearing and took the matter under advisement. Subsequently, upon the Court's orders, Debtor filed a certified copy of the recorded declaration of homestead made by her non-Debtor spouse under section 1 of the Massachusetts Homestead Act, General laws, Chapter 188 (the "Declaration"), an affidavit stating that she and her non-Debtor spouse reside in the Property and a certified copy of the recorded deed creating the tenancy by the entirety of the Debtor and her non-Debtor spouse in the Property (the "Deed"). The Court's orders also provided that Humphrey may request an evidentiary hearing within ten days of the filing of Debtor's affidavit and that if no request is filed, the Court will rule on the Motion to Avoid Lien based on the record then before it. Humphrey did not request an evidentiary hearing. Therefore, the Court makes its findings of fact based on the record now before it.

### Facts:

The Deed, executed in 1995, shows that the Property is held by Debtor and her non-Debtor spouse as tenants by the entirety. The Declaration was recorded on April 7, 2000. By her amended Schedule C, Debtor elects an exemption in the Property under the Massachusetts Homestead Act and values that exemption at $300,000. Debtor relies on the Declaration to evidence her entitlement to the exemption.

In her Motion to Avoid Liens, Debtor alleges that Humphrey's lien (the "Lien") arose as follows:

on or about May 30, 2002, the Woburn District Court allowed an attachment on the Debtor's Property in the amount of $25,000.00 by Humphrey in the civil action entitled *Charles Humphrey d/b/a R.P.M. Services vs. Paul J. Farrenkopf...* That said attachment was recorded against the Debtor's Property on or about June 4, 2002...That judgment entered...on or about June 18, 2002, a Writ of Execution issued in the amount

of $23,150.39. That on or about June 28, 2002, said execution was recorded against the Debtor's Property and, as such constitutes a lien against same...That Humphrey's lien upon the Debtor's Property is a judicial lien within the purview of 11 U.S.C. section 522(f)(1)...

Humphrey does not controvert those asseverations. Neither party disputes the characterization of the Lien as a judicial lien for purposes of Section 522(f) of the Bankruptcy Code. The parties stipulated that the Lien is against only the non-Debtor spouse's interest in the Property.

### Discussion:

*May Debtor Rely on Her Non–Debtor Spouse's Declaration of Homestead to Claim an Exemption in the Property Under the Massachusetts Homestead Act?*

 The Massachusetts Homestead Act has been amended over time. "[T]he validity of the...homestead declaration must be resolved under the version" of the Act in effect at the time when the declaration was recorded. *Dwyer v. Cempellin,* 424 Mass. 26, 29, 673 N.E.2d 863, 866 (1996). On April 7, 2000, the date the Declaration was recorded, the Act provided, in relevant part, that:

> An estate of homestead...in the land and buildings may be acquired pursuant to this chapter by an owner or owners of a home...For the purposes of this chapter, an owner of a home shall include a...tenant by the entirety...; provided, that only one owner may acquire an estate of homestead in any such home for the benefit of his family.... For the purposes of this chapter, the word "family" shall include...a husband and wife and their children, if any...

M.G.L. ch. 188 § 1, as amended through St.1995, c. 297. The legislature has not amended the recited language. Relying on the language of the statute and the Massachusetts Supreme Judicial Court's policy of liberally construing the act to protect debtors, Judge Feeney previously held that because Section 1 of the act refers to an "estate of homestead," a declaration of homestead under that section "protects the entire equity in the property" and not just that attributable to one family member. *In re Garran,* 274 B.R. 570, 575 (Bankr.D.Mass.2002), *aff'd Garran v. Citizens Bank of Mass.,* 280 B.R. 292 (D.Mass.2002), citation omitted. Thus, "[a] debtor is entitled to claim a Section 1 homestead exemption based upon a non-debtor spouse's declaration of homestead under [M.]G.L. c. 188, § 1 because the entire equity is exempt." *Id.,* citation omitted; *see In re Cassese,* 286 B.R. 472, 474 (Bankr.D.Mass.2002) ("the wife of a husband who files an estate of homestead could use the exemption in bankruptcy even though she is not the original declarant"), citations omitted; *In re Ballirano,* 233 B.R. 11, 14 (Bankr.D.Mass.1999) (the Court predicts that the Supreme Judicial Court would so hold).

The validity of the non-Debtor spouse's Declaration under Section 1 of the Massachusetts Homestead Act is undisputed; it is uncontested that the Debtor and her non-Debtor spouse were, at all relevant times, "husband and wife" residing in the Property. Therefore, I conclude that the Debtor may rely on her non-Debtor spouse's Declaration to claim an exemption in the Property.

*May Debtor Avoid a Judicial Lien that is Only Against Her Non–Debtor Spouse's Interest in the Property Under Section 522(f) of the Bankruptcy Code?*

[A] debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an

exemption to which the debtor would have been entitled..., if such lien is...a judicial lien...

[A] lien shall be considered to impair an exemption to the extent that the sum of—

> (i) the lien;
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens...

11 U.S.C. § 522(f).

▆▆ Under the Bankruptcy Code, a "lien" is defined as a "charge against or interest in property." 11 U.S.C. § 101(37). Whether a claimant has a "charge against or interest in property" of the debtor is determined "by the law of the State in which the property is located." *Butner v. United States,* 440 U.S. 48, 49, 99 S.Ct. 914, 59 L.Ed.2d 136[sic], 55 (1979); *see In re Snyder,* 231 B.R. 437, 441 (Bankr. D.Mass.1999). If the claimant has a lien within the meaning of the Bankruptcy Code, the question of whether that lien impairs the debtor's exemption is resolved by federal law. *See id.*

▆▆ Here, the Property is located in Massachusetts, so the Court looks to Massachusetts law to determine whether the Lien is against an interest of the Debtor in the Property. *See id.*

▆▆ The Property is held as a tenancy by the entirety created March 14, 1995. Massachusetts law governing tenancies by the entirety created after February 11, 1980 provides, in pertinent part, that:

A husband and wife shall be equally entitled to the rents, products, income or profits and to the control, management and possession of property held by them as tenants by the entirety.

The interest of a debtor spouse in property held as tenants by the entirety shall not be subject to seizure or execution by a creditor of such debtor spouse so long as such property is the principal residence of the nondebtor spouse...

M.G.L. ch. 209, § 1.[1] Under this provision, one spouse may "encumber his or her interest in property held as tenants by the entirety," *Coraccio v. Lowell Five Cents Savings Bank,* 415 Mass. 145, 151–52, 612 N.E.2d 650, 654 (1993), "subject to the continuing rights of the other in the property." *In re Snyder,* 231 B.R. 437, 442 (Bankr.D.Mass.1999), *aff'd as modified,* 249 B.R. 40 (1st Cir. BAP 2000), *aff'd,* 2 Fed.Appx. 46 (1st Cir.2001).

▆▆ As discussed in *Snyder,* this means that if a creditor holds a lien against only one spouse's interest in the property, the other spouse's unencumbered interest in property held as a tenancy by the entirety is invulnerable from seizure or execution by the creditor. *Id.* at 443 ("[A] debtor spouse's interest will eventually come to one of three possible ends: (1) the debtor spouse will survive the nondebtor spouse and thereupon becomes seised of the whole estate, subject to seizure and execution by his creditors; (2) the debtor spouse will predecease the nondebtor spouse, resulting in termination of the decedent's interest and of liens attaching exclusively thereto; or (3) the tenancy will be terminated (by voluntary conveyance, foreclosure on a jointly given mortgage, or divorce) before the death of either spouse, resulting in termination of the unitary title, division or apportionment

---

1. The term "debtor" in the statute refers to an obligor, as distinguished from the Court's use of the term to refer to a bankruptcy petitioner.

of the net proceeds among the spouses (or at least the possibility thereof), and vulnerability of the debtor spouse's interest in the proceeds to seizure or execution by creditors."). Therefore, I find that the Lien is not against an interest of the Debtor in the Property. Since only liens that are against an interest of a debtor are avoidable under 11 U.S.C. § 522, the Lien is not avoidable by the Debtor (but neither will it impair the Debtor's fresh start).

### Conclusion:

The Debtor validly claims an exemption in the Property pursuant to the Declaration made by her non-Debtor spouse. However, because the Lien is not against an interest of the Debtor in the Property, Debtor may not avoid it under 11 U.S.C. § 522(f). A separate order shall enter accordingly.

### ORDER

For the reasons set forth in the Memorandum of Decision issued today,

It is hereby ORDERED, ADJUDGED and DECLARED that the Opposition to Debtor's Motion to Avoid Liens by Creditor Charles Humphrey is sustained and that the Debtor's Motion Pursuant to 11 U.S.C. Section 522(f)(1) to Avoid Liens Impairing Debtor's Exemption is denied.