## MATTHEW LEE *vs.* CHARLES H. MILLER.

Making and recording a declaration, under Gen. Sts. *c.* 104, § 2, and beginning to build a house upon the land mentioned in such declaration, will not entitle one to an estate of homestead therein, until he actually occupies the same as a residence; and the fact that several months before making such declaration he had for a short time and for a temporary purpose occupied a house then standing upon the land, is immaterial.

TORT in the nature of trespass *quare clausum fregit.*

It was agreed in the superior court that the plaintiff purchased the premises, upon which an old house and barn were then standing, in April 1855; that he has ever since cultivated some portion thereof, and leased none; that in February 1861

he made and caused to be recorded a declaration of his inten-
tion to hold them as a homestead; that in May 1861, having
torn down the old house, he commenced building a new one
upon the premises, and moved into the same in October of that
year; that in July 1860 he moved upon the premises with his
family and a part of his furniture and goods, for the purpose of
cutting his hay and harvesting his oats, and having accomplished
these things, which only occupied a few weeks, he returned with
his family, furniture and goods, to Goulding's Village, a distance
of one and a half miles, where, with the above exception, he lived
from April 1855 to October 1861, being a leaseholder, and own-
ing no other real estate but the premises above referred to.

On the 20th of July 1861 the plaintiff executed to the defend-
ant a promissory note, upon which the latter commenced an
action, and recovered judgment therein in November 1862, and
levied his execution upon the premises, and the same were
accordingly duly set off to the defendant thereon; and for the
defendant's entry under his title thus acquired this action was
brought.

Judgment was rendered in the superior court for the plaintiff;
and the defendant appealed to this court.

*G. F. Hoar*, for the defendant.

*S. Cady*, for the plaintiff.

DEWEY, J.    The single point of inquiry in this case is,
whether the plaintiff had acquired a homestead estate in the
premises before the debt to the defendant was contracted upon
which the judgment was recovered and the execution issued by
virtue of which this levy was made.    This debt was contracted
July 20th 1861, before which period the plaintiff had made a
declaration in writing of his intention to hold the premises as a
homestead, and the same had been duly recorded.    The further
inquiry is, whether that declaration was effective.    On the part
of the defendant it is denied that the plaintiff at the time of
making the declaration held such a relation to the premises as
entitled him to make an effective declaration.    To do so, he
must have been a householder having a family, and the prem-
ises must have been occupied by him as a residence.    But he

had only occupied the same with his family for the temporary purpose of cutting his hay and harvesting his oats; having thereafter returned to the house which he had occupied for many years in Goulding's Village, and where he continued to reside as before, until October 1st 1861. The old house upon the premises had been taken down, and he was building a new one in the summer of 1861, when the debt to the defendant was contracted; but the premises were not then occupied as a residence by him. This debt existed before the homestead estate was perfected, and the estate was therefore not exempted from this levy. *Plaintiff nonsuit.*