Richard DRURY, Esq., Administrator,
Allen Roffman, Trustee, and
Donahue & Donahue, Appellants,

v.

George ABDALLAH, Appellee.

Civ. A. No. 84–2458–S.

United States District Court,
D. Massachusetts.

Dec. 27, 1984.

S. James Boumil, Lowell, Mass., Charles R. Bennett, Jr., Reimer & Braunstein, Boston, Mass., Joseph Donahue, Lowell, Mass., Richard Kagan, Boston, Mass., for appellants.

James M. Langan, Boston, Mass., Jordan Shapiro, Malden, Mass., Francis K. Monarski, Lowell, Mass., Henry Friedman, Boston, Mass., for appellee.

## MEMORANDUM AND ORDER

SKINNER, District Judge.

This appeal is from the order of a bankruptcy judge denying the trustee's application to sell real property held by the debtor under a tenancy by the entirety at the time the petition was filed ("the property"). Prior to the application to sell the property, the debtor died, leaving his wife, not a debtor, as the surviving tenant. The appellants are the trustee and the administrator of the estate of the debtor's mother. The estate of the debtor's mother is the principal creditor of the bankrupt estate, a probate court having found the debtor liable as executor for misapplication of funds. The administrator of the mother's estate claims that the debtor transferred the property into tenancy of the entirety in fraud of creditors, and that the surviving spouse is a straw. The administrator has caused a real estate attachment to be made of the property as property of the debtor individually. Both the trustee and the administrator appeal the bankruptcy judge's ruling of law that full title has devolved to the surviving wife and the property is not part of the bankrupt estate.

■ The appellee is the debtor's wife, the surviving tenant. The appellants challenge her right to contest the appeal because her affairs are subject to a state court receivership. The receivership does not disturb the title to real estate, however, and I rule that she is entitled to contest this appeal. *Bell v. American Protective League,* 163 Mass. 558, 40 N.E. 857 (1895); *Wellman v. North,* 256 Mass. 496, 152 N.E. 886 (1926); *see* Nolan, Mass.Practice, Equitable Remedies, §§ 163, 165.

■ The appellee challenges jurisdiction of the court to entertain the appeal. I am satisfied that the bankruptcy judge's order conclusively determines a separable dispute over the availability of the property to satisfy claims against the estate. *In Re Saco Local Development Corp.,* 711 F.2d 441 (1st Cir.1983). Whether it is here of right or as matter of discretion, it is clearly ripe for review. There is no need to agonize over whether the appeal should have been by notice or by motion for leave to appeal. I treat the notice as a motion and allow it.

The substantive issue is whether the trustee in bankruptcy may sell property owned by the debtor as a tenant by the entirety, when the debtor dies before the sale and the spouse survives.

■ Tenancy by the entirety only exists where the tenants are husband and wife. It is similar to joint tenancy, except that it is substantially inseverable during the continuation of the marriage except by consent of both parties. The common law rule granting to the husband, the debtor here, the exclusive right to control possession and income of the property, has been modified by a 1979 amendment to M.G.L. c. 209, § 1. The law remains, however, that the wife's right to survivorship in the whole estate is not destroyed by the conveyance or attachment of the husband's interest. *West v. First Agricultural Bank,* 382 Mass. 534, 536, 419 N.E.2d 262 (1981); *Licker v. Gluskin,* 265 Mass. 403, 407, 164 N.E. 613 (1929); *Bernatavicius v. Bernatavicius,* 259 Mass. 486, 487, 156 N.E. 685 (1927). *See generally, Friedman v. Harold,* 638 F.2d 262 (1st Cir.1981); *Crocker's Notes on the Common Forms,* 7th Ed. (Swaim), Little Brown and Company, 1955.

■ The bankruptcy judge correctly ruled that the debtor's (husband's) interest became part of the bankrupt estate upon the filing of the petition, but upon the debtor's death that interest expired, evaporated, dissolved, leaving the whole title to the property in the surviving wife free from the claim of creditors of the estate. The bankruptcy judge ruled that this result was mandated by the controlling law of Massachusetts governing title to real estate.

In my opinion, the bankruptcy judge arrived at the correct result, but without the proper analysis and application of the preemptive federal Bankruptcy Code, particularly 11 U.S.C. § 363(h) and (g).

It is clear that the debtor's interest in a tenancy by the entirety, and only the debtor's interest, becomes property of the bankrupt estate. *In Re Ford,* 3 B.R. 559, 570–1 (Bkrtcy.D.Md.1980) *aff'd per curiam, sub nom. Greenblatt v. Ford,* 638 F.2d 14 (4th Cir.1981). Under § 363(h) the trustee may sell both the debtor's interest and the interest of the other tenant, subject to certain conditions, one of which appears in subsection (3):

> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners.

Section 363(j) provides that the trustee shall distribute the net proceeds of the sale to the estate and to the debtor's spouse (in the case of a tenancy by the entirety) "according to the interest of such spouse ..., and of the estate." The key to this case is the time at which the interest of such spouse should be calculated.

This section appears to me to reflect congressional intent to preserve the interests of the debtor's non-debtor spouse to the extent possible without freezing the property. The interest of a wife in a tenancy by the entirety since the amendment of M.G.L. c. 209, § 1 includes a right to share in the control, management and possession of the property. She also acquires full title upon the death of the husband if she survives him. The value of both of these interests may change over time, particularly in a period of rapid appreciation in the value of real estate. Furthermore, the value of her right of survivorship also may fluctuate with alteration over time of the actuarial life expectancies of the parties. The spouse's interest is accordingly not fully protected unless it is valued in the event of sale as of the date of sale.

When, as in this case, the husband dies prior to the sale, the value of the wife's interest is equivalent to the value of the whole property. The benefit to the estate from the sale is zero, and consequently cannot outweigh the detriment to the interest of the spouse, as required by § 363(h)(3). One of the conditions precedent for the sale of the spouse's interest accordingly has not been met, and the sale is not authorized under the statute. The result is the same as that reached by the bankruptcy judge, but by application of clearly paramount and preemptive federal law rather than state law.

Cases suggesting a contrary result are *In Re Lambert,* 34 B.R. 41 (Bkrtcy.D.Col. 1983) and *In Re Bachman,* 21 B.R. 849 (Bkrtcy.W.D.Pa., 1982). *In Re Lambert* is distinguishable in that it dealt with a joint tenancy under Colorado law rather than with a tenancy by the entirety. Under Colorado law, a joint tenancy is severed by a creditor's attachment of the interest of one of the joint tenants, and the court held, essentially, that the filing of a petition in bankruptcy had the same effect. The court specifically distinguishes tenancies by the entirety. 34 B.R. at 43. *In re Bachman, supra,* dealt with a reorganization petition under Chapter 11 of the Code. The proposed sale of property held by the debtor as a tenant by the entirety was in fact "orally confirmed" by the bankruptcy court, but the debtor died before the order was "reduced to a formal written order". The court's decision appears to be based on the ground that it would not be equitable to withdraw the property from the estate after the reorganization had been voted on, rather than on a close analysis of the statute. The case is distinguishable on that ground, in my view, or alternatively, wrongly decided.

My ruling that the property may not be sold after the death of the debtor is based on the assumption that a genuine tenancy by the entirety existed between the debtor and his wife. This assumption has been explicitly challenged by the administrator of the estate of the debtor's mother. He alleges that the tenancy by the entirety was a sham in fraud of credi-

tors. This allegation has never been tried before the bankruptcy judge, and no findings of fact appear by stipulation or otherwise. These allegations clearly must be resolved. If the tenancy by the entirety was created in fraud of creditors, the bankruptcy judge is empowered to set it aside and treat the property as wholly the debtor's.

Accordingly, the case is remanded for an evidentiary hearing and findings as to whether the purported tenancy by the entirety was a sham in fraud of creditors.