### In the Matter of Stephen CILLEY, Bankrupt.

### Civ. No. 82–476–D.

United States District Court, D. New Hampshire.

April 11, 1986.

Alan I. Cantor, Manchester, N.H., for Stephen Cilley.

Harold W. Perkins, Concord, N.H., trustee.

Bruce E. Friedman, James J. Bianco, Jr., by Lisa A. Rule, Concord, N.H., for Edith Cilley.

### ORDER

DEVINE, Chief Judge.

This is a bankruptcy appeal filed by the claimant, Edith Cilley. The dual issues raised are (1) whether claimant is entitled to a homestead in certain real estate and (2) whether claimant is entitled to share as a

---

general creditor in the bankruptcy estate by virtue of certain payments advanced toward the purchase of jointly-owned motor vehicles.

The hearing below was held before the late Joseph Betley, who was then the bankruptcy judge in this district. Unfortunately, no transcript of the evidence presented before the bankruptcy court is available, although a copy of Judge Betley's notes has been furnished.

### 1. The Homestead Claim

The bankrupt, Stephen Cilley, was married to claimant on July 2, 1977, and in September of that year [1] they moved to one half of a duplex which was located at 4–6 Hutchinson Avenue, Concord, New Hampshire. These premises were jointly owned by Stephen Cilley and his mother, Eudora Cilley.

On or about February 4, 1978, Edith Cilley and her three children [2] left the Hutchinson Avenue premises and went to reside in the home of a friend, which was located in Pittsfield, New Hampshire. Subsequently, claimant and her children rented an apartment located on those same premises in Pittsfield.

A divorce action was subsequently brought, and the divorce became final in September 1978. Under the stipulations which were part of the divorce decree, the issues surrounding the homestead claim and the automobile payments were reserved for the bankruptcy proceedings.

The factual matters hereinabove outlined are apparently not the subject of the dispute. The dispute arises from the position of claimant as to what the bankruptcy judge should have found with reference to the facts following the evidentiary hearing before him.

The standard of review to be followed by this Court in a bankruptcy appeal requires that the Court uphold the factual findings of the bankruptcy judge unless they are clearly erroneous. Bankruptcy Rule 8013; *Briden v. Foley*, 776 F.2d 379 (1st Cir. 1985). Such a finding is clearly erroneous " 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *United States v. United States Gypsum Company*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948), *quoted in D. Federico Company v. New Bedford Redevelopment Authority*, 723 F.2d 122, 126 (1st Cir.1983).

Claimant challenges the factual finding of Judge Betley "that Edith Cilley voluntarily permanently abandoned her occupancy at 4–6 Hutchinson Avenue, Concord, New Hampshire, and thusly, lost any homestead interest that she might have acquired in said premises." P. 3, Order of July 9, 1982.[3] The basis of the challenge here advanced is that the bankruptcy court, as demonstrated by Judge Betley's trial notes, did not properly find in accord with certain testimony of the claimant and her landlady that the intent of claimant was to return to the Hutchinson Avenue premises.

It is, of course, impossible for this or any other judge to determine from the set of the judge's trial notes [4] whether or not they are comprehensive of all of the statements made before him under oath in the course

---

1. From the date of their marriage to September 5, 1977, the married couple lived in a rental apartment located on Fayette Street in Concord, New Hampshire.

2. The three children were born of a prior marriage.

3. New Hampshire codified the right of homestead as early as 1852. Its current statutory version is to be found in New Hampshire Revised Statutes Annotated ("RSA") at Chapter 480. Thereunder, occupancy of the premises is essential to the existence of the homestead right.

*Currier v. Woodward*, 62 N.H. 63 (1882). When a spouse leaves the original home and occupies another, the homestead right is lost, but if the absence is merely temporary and the spouse intends to return, such homestead right is not destroyed. *Wood v. Lord*, 51 N.H. 448 (1871). The question as to whether the move is for a temporary or a permanent purpose is one of fact. *Id.*

4. This Court is happy to note, however, that Judge Betley's notes are very legible, in contrast to the horrendous scrawl which is the product of this Court in the course of trial.

**34**

of the hearing. However, the Court does note that the notes before it (contrary to the suggestion of claimant that there is no contra testimony) with respect to the testimony of Stephen Cilley state "she moved February 2, 1978, permanently. She told me February 2, 1978, that when you come back—I will be gone with my three children—she took bunk beds—end tables—clothing and some toys. I asked her to return several times—she said it would never work at 4 Hutchinson."

. It is to be borne in mind that the credibility of the witnesses was solely for Judge Betley. Bankruptcy Rule 8013. With such conflicting evidence before him, this Court finds and rules that Judge Betley's ultimate finding of permanent abandonment of the homestead premises is not "clearly erroneous".

**2. The Automobile Payment Claim**

■ As the Trustee's objection to the proof of claim makes clear, the bankruptcy estate never made any claim to the motor vehicle at issue. As of the time said objection was filed, the motor vehicle, which was jointly owned, was in the possession of the claimant Edith Cilley.

The gist of the claim advanced is that as Mrs. Cilley made the payments thereon, upon discontinuance of which the automobile was repossessed, she is somehow entitled to make claim as a general creditor against the estate.[5] This argument overlooks the fact that had the vehicle in question been included in the estate of the bankrupt Stephen Cilley, the Trustee would have been able to claim an exemption thereof to the value of one thousand dollars. RSA 511:2 XVI.[6] Negotiations could

then have gone forward with the financing agency, and the vehicle could probably have been sold and the funds made available for any creditors having claims thereto. Here, however, the action of the claimant in failing to keep available the collateral and the disclaimer by the Trustee of any claim of the debtor of interest in the motor vehicle make it clear that claimant is not entitled to claim as a general creditor for the funds advanced in purchase payments of said vehicle.[7]

*Conclusion*

For reasons hereinabove indicated, I find and rule that Edith Cilley has no legal claim to a right of homestead nor does she have a right to share as a general creditor for the payments which she made for the purchase of the automobile in question. The appeal herein is herewith dismissed.

SO ORDERED.

---

5. The Court has reviewed the decision in *In Re Nickerson*, 116 F. 1003 (D.Mass.1902), and finds that the rules therein set forth are totally inapposite to the circumstances here presented.

6. The State of New Hampshire has elected to "opt out" as permitted by 11 U.S.C. § 522(b) from the exemptions listed in the Bankruptcy Code. Accordingly, the state exemption of one thousand dollars here applies, but had New Hampshire not exercised such right of election, the value exempted would be up to twelve hundred dollars. 11 U.S.C. § 522(d)(2).

7. In point of fact, there were apparently two vehicles, one of which was destroyed in an accident while being driven by the bankrupt. The second vehicle was a replacement, but in each instance it appears the payments were forwarded to the financing agency by the claimant. However, her failure to keep up the payments made unavailable the second vehicle as an asset of the estate.