**In re Henry T. HIDLER, Debtor.**

**William H. HOWISON, Trustee, Plaintiff,**

**v.**

**Henry T. HIDLER, Debtor, and Linda A. Hidler, Defendants.**

Bankruptcy No. 92–20898.

Adv. No. 94–2078.

United States Bankruptcy Court,
D. Maine.

Jan. 16, 1996.

---

William H. Howison, Anthony, Landis, Howison & Arn, Portland, ME, for Plaintiff.

Stephen C. Chute, Chute & Associates, Portland, ME, for Defendants.

## MEMORANDUM OF DECISION
JAMES A. GOODMAN, Chief Judge.

This matter came before the Court on the Trustee's complaint pursuant to 11 U.S.C. § 363(h) to sell property free and clear of the interests of Debtor, Henry T. Hidler, and his wife Linda A. Hidler.[1] The complaint raises two issues: (1) whether Henry Hidler is entitled to a homestead exemption in the property and (2) whether the Trustee may sell property held by Henry and Linda Hidler as tenants by the entirety.

## I. FINDINGS OF FACT

The undisputed facts as alleged in the complaint and admitted in the answer are as follows.

On August 10, 1971, Debtor and his wife acquired property in Danvers, Massachusetts ("the Danvers property") as tenants by the entirety. The property is encumbered by an $8,000 mortgage.

On August 24, 1992, Debtor filed for protection under Chapter 11 of the Bankruptcy Code. At that time, Debtor was 64 years old. Debtor's schedules, filed with the Chapter 11 petition, listed his interest as a "joint" owner in the following real estate: (1) a residential home in Danvers, Massachusetts valued at $365,000; and (2) a summer home in Raymond, Maine valued at $350,000. (See Schedule A.) Debtor declared a homestead exemption of $7,500 in the summer home in Raymond under Maine law. (See Schedule C.) On October 20, 1992, almost two months after filing the Chapter 11 petition, Debtor purported to convey his interest in the Danvers property to his wife without notice to parties-in-interest or permission of the Court.

On March 17, 1993, the Chapter 11 case was converted to a case under Chapter 7. On May 28, 1993, Debtor filed Amended Schedule C which declared two exemptions in the Danvers property and no exemptions in the summer home in Raymond. One exemption in the Danvers property was declared under Maine's homestead exemption statute in the amount of $60,000. The second exemption in the Danvers property was declared under Massachusetts's homestead exemption statute in the amount of $200,000. (See Am. Schedule C.)

On June 25, 1993, the Trustee filed a complaint objecting to Debtor's discharge alleging that the transfer from Debtor to his wife on October 20, 1992 was undertaken with intent to hinder, delay, or defraud creditors. (See Compl.Adv.Proc. # 93–2040.) On Au-

---

1. Linda Hidler has not filed a bankruptcy petition.

gust 17, 1993, Debtor's wife reconveyed the property back to Debtor and herself as tenants by the entirety. The Court subsequently entered an order on the parties stipulation dismissing, without prejudice, the complaint to deny Debtor a discharge. (*See* Order 9/17/93 Adv.Proc. # 93–2040.)

Fleet Bank of Maine ("Fleet") and John and Lila Heath (the "Heaths") are Debtor's largest unsecured creditors. In 1988, Fleet loaned Debtor more than $500,000 to partially finance the purchase of a business, H & L Machine, Inc., from the Heaths. The loan is evidenced by a note and guaranty both executed by Debtor and Linda Hidler. The note and guaranty are secured by mortgages on the property of the business in Paris, Maine, as well as other Maine properties. The Heaths, in connection with the sale of their business to Debtor, took a second mortgage in excess of $200,000 on property in Paris, Maine.[2] Neither Fleet nor the Heaths have a mortgage on the Danvers property.

## II. CONCLUSIONS OF LAW

### A. *Homestead exemption*

■ The Bankruptcy Code entitles a debtor to exempt certain property from the estate. 11 U.S.C. § 522(b). The debtor may choose between federal bankruptcy law and state law exemptions unless state law does not permit such a choice. 11 U.S.C. § 522(b)(1). Under Maine law, only state law exemptions are available to debtors in bankruptcy. 14 M.R.S.A. § 4426.

If state law exemptions apply, the applicable state law is the law of the state "in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a larger portion of such 180–day period than in any other place." 11 U.S.C. § 522(b)(2)(A). Although a debtor may be entitled to file the bankruptcy petition in one of a number of jurisdictions, 28 U.S.C. § 1408,[3] a person can

only have one domicile. *Bank One, Texas, N.A. v. Montle,* 964 F.2d 48, 53 (1st Cir. 1992).

■ Debtor's amended schedules are inconsistent with the requirements of § 522(b) of the Bankruptcy Code. In the petition, Debtor alleged venue by stating "Debtor has had a *residence* in this District for 180 days immediately preceding the date of this petition." (*See* Petition at 1 (emphasis added).) He listed his street address and mailing address as Raymond, Maine. In Schedule A, however, Debtor stated that he maintained a residence in Danvers, Massachusetts and a summer home in Raymond, Maine. In Schedule C, Debtor "elect[ed] the exemptions to which debtor is entitled under 11 U.S.C. § 522(b)" which requires Debtor to declare exemptions under the law of the state where he was domiciled for 180 days preceding filing. Debtor declared a homestead exemption in the summer home in Raymond, Maine, not in the residence in Danvers, Massachusetts, as well as exemptions in an automobile, cash, household furnishings, and clothing, all under Maine law. (*See* Schedule C.) Subsequently, Debtor amended his Schedule C exemptions to exempt the Danvers property, but not the Raymond property, under Maine law *and* under Massachusetts law. Debtor is only entitled to one exemption under the law of the state in which he was domiciled for 180 days preceding the filing of the petition. The Court finds that Debtor declared Maine as his domicile based on all of the statements he made in the bankruptcy petition regarding a residence in Maine and because he took all of his exemptions under Maine law having recognized the domicile requirement of § 522(b). The issue, then, is whether Debtor is entitled to an exemption in the Danvers property under Maine law.

■ Maine law provides that if the debtor or a dependent of the debtor is over 60

---

**2.** The pleadings are unclear as to whether this Paris, Maine property is the business property on which Fleet has a mortgage.

**3.** 28 U.S.C. § 1408 provides in pertinent part:
  [A] case under Title 11 may be commenced in the district court for the district—

(1) in which the domicile, residence, principal place of business ... or principal assets ... of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of [such] period....

years of age, the debtor is entitled to an exemption in his residence in the amount of $60,000. 14 M.R.S.A. § 4422(1)(B). Entitlement to an exemption is determined as of the date of filing the petition. *In re Grindal,* 30 B.R. 651 (Bankr.D.Me.1983). "The primary factor is the debtor's intention on the filing date." *In re Tardiff,* 38 B.R. 974, 976 (Bankr.D.Me.1984). At the time of filing, Debtor scheduled a homestead exemption in the summer home in Raymond, Maine even though he scheduled the Danvers property as his residence. The Court finds this to be *prima facie* evidence that Debtor did not intend to continue his residence in Danvers for exemption purposes. Debtor has presented no evidence to the contrary. The Court finds that on the date of filing the petition Debtor intended his residence to be in Raymond, Maine. Thus, Debtor is not entitled to a homestead exemption in the Danvers property pursuant to Maine law.[4]

■ Bankruptcy Code § 522(b)(2)(B) permits a debtor to exempt from property of the estate "any interest in property in which the debtor had immediately before the commencement of the case, an interest as a tenant by the entirety ... to the extent such interest ... is exempt from process under applicable nonbankruptcy law." As more fully discussed below, Massachusetts common law of tenancy by the entirety applies to this case. Under the common law, Debtor's interest is not exempt from process—creditors can attach, levy on, and dispossess a debtor from his property but always subject to the spouse's right of survivorship. *See In re Robbins,* 187 B.R. 400, 404 (Bankr.D.Mass. 1995). Because Debtor cannot shield his entireties property from his creditors he is not entitled to an exemption in the Danvers property under § 522(b)(2)(B) of the Bankruptcy Code.

### B. Sale of property held as tenants by the entirety

The Bankruptcy Code permits "the trustee [to] sell both the estate's interest ... and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a ... tenant by the entirety," if the following four conditions are met:

(1) partition in kind of such property among the estate and such co-owners is impractible;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h). If a sale is permitted, the trustee is then required to distribute "the proceeds of such sale ... according to the interests" of the estate and Linda Hidler. 11 U.S.C. § 363(j).

■ The dispute between the parties is twofold: (1) are Debtor's and Linda Hidler's interests undivided interests within the meaning of the statute; and, if so (2) does the benefit of sale outweigh the detriment to Linda Hidler. Debtor and Linda Hidler argue that their interests are not undivided interests within the meaning of § 363(h). Their argument is that Massachusetts common law of tenancy by the entirety applies and that, under the common law, the co-owner's right of survivorship is a "separate and distinct indestructible" interest which is not an undivided interest. (*See* Def.Br. at 11.) The trustee argues that Massachusetts statutory law of tenancy by the entirety applies. *See* Mass.Gen.Laws Ann. ch. 209, §§ 1, 1A. However, in order for the statute to apply to a tenancy by the entirety created prior to the effective date of the statute, February 1980, the deed grantees are re-

---

**4.** This Court does not reach the issue of whether the original $7,500 exemption amount in the Raymond property or the amended $60,000 exemption amount in the Danvers property is the correct exemption amount under 14 M.R.S.A. § 4422(1). Nor does this Court consider at this time whether Debtor is entitled to an exemption in the Raymond property.

quired to make an election in writing and record it with the registry of deeds. Mass. Gen.Law.Ann. ch. 209, § 1A. The Hidlers acquired the property as tenants by the entirety in 1971 but there are no facts to indicate that the statutory election was ever made. The Court finds that Massachusetts's common law of tenancy by the entirety is the appropriate law to resolve this issue.

Under Massachusetts common law of tenancy by the entirety, the husband and wife are seized of the estate as one person and each is entitled to the whole as survivor. *See Coraccio v. Lowell Five Cents Sav. Bank,* 415 Mass. 145, 148, 612 N.E.2d 650, 653 (1993) (citing *Raptes v. Pappas,* 259 Mass. 37, 38, 155 N.E. 787 (1927)). The husband, however, is exclusively entitled to control and possess the estate during their joint lives, including the right to alienate his interest, but neither party can act alone to defeat the other's indestructible right of survivorship. *Coraccio,* 415 Mass. at 148–49, 612 N.E.2d at 653. The sole interest of the wife consists of the right of survivorship and this right is not attachable by creditors nor alienable by her. Although the husband's creditors can attach and execute on his interest, dispossessing both husband and wife, a creditor's interest remains subject to the wife's survivorship right. *Coraccio,* 415 Mass. at 150, 612 N.E.2d at 653; *see also Somerset Sav. Bank v. Goldberg,* 166 B.R. 776, 777–78 (D.Mass.1994).

The Bankruptcy Code is preemptive federal law. The debtor's interest in the tenancy becomes part of the bankruptcy estate upon the filing of the petition. *Drury v. Abdallah,* 46 B.R. 718, 719–20 (D.Mass.1984). Under § 363(h), the trustee may sell entireties property without the consent of the nondebtor spouse, regardless of state law. *See id.,* 46 B.R. at 720. Debtor and Linda Hidler argue that the indestructible right of survivorship is not an undivided interest within the meaning of § 363(h) and, therefore, the property cannot be sold. This Court finds no case law to support this proposition. To the contrary, § 363(h) requires that only the debtor's interest be an undivided interest and here, Debtor's interest, including his right of survivorship, is an undivided interest in the whole property.

The only possible impediment to the Trustee's sale, then, are the four conditions of § 363(h). The only condition that is in dispute is whether "the benefit to the estate of a sale of such property free of the interests of [the] co-owner[ ] outweighs the detriment, if any, to such co-owner[ ]." 11 U.S.C. § 363(h)(3). The uncontested estimated value of the property is $365,000 with an outstanding mortgage of $8,000. The general unsecured creditors in Debtor's bankruptcy are also creditors of Linda Hidler. Although under state law Linda Hidler's interest is not attachable by creditors today, if she survives Debtor she will hold all the rights in the property and Fleet and the Heaths could then exercise state law remedies against her interest. The most Linda Hidler can hope for is a delay in the sale of the Danvers property. This Court finds that the Trustee has met the conditions of § 363(h) and is permitted to sell the property free of the interests of Debtor and Linda Hidler.

"After a sale of property to which subsection (g) or (h) of [§ 363] applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, ... and to the estate, the proceeds of such sale ... according to the interests of such spouse or co-owners, and of the estate." 11 U.S.C. § 363(j). This Court directs the trustee to sell the property and to hold the proceeds until further hearing by this Court at which time a determination of the values of the interests of the estate and Linda Hidler will be made. As discussed above, Debtor is not entitled to a homestead exemption in the property or its proceeds.

The foregoing constitutes findings of fact and conclusions of law pursuant to Fed. R.Bankr.P. 7052.