In re Harold E. STOCKBURGER, Sr., Rebecca Ann Stockburger, Debtors.

No. 1:95–CV–113.

United States District Court, E.D. Tennessee, at Chattanooga.

Jan. 23, 1996.

Joseph E. Willard, Jr., Rossville, GA, for Harold E. Stockburger, Sr. and Rebecca A. Stockburger.

Jerrold D. Farinash, Kennedy, Fulton & Koontz, Chattanooga, TN, for Jerry Farinash, Trustee.

### MEMORANDUM

COLLIER, District Judge.

This is an appeal by the Chapter 7 Trustee in Bankruptcy, Jerrold D. Farinash (Farinash), from a February 23, 1995 oral decision (the decision) by the United States Bankruptcy Court for the Eastern District of Tennessee (Stinnett, J.), concerning an exemption from the debtor's estate over the objection of the trustee.

Because Judge Stinnett's order was a final decision, this Court has jurisdiction to consider this appeal. 28 U.S.C. § 158.[1] Fed.R.Bankr.P. 8001.

█ In determining this appeal, this Court sits as an appellate court. It reviews the Bankruptcy Court's findings of fact under a clearly erroneous standard, but conducts a de novo review of the Bankruptcy Court's conclusions of law. Fed.R.Bankr.P. 8013; In re Isaacman, 26 F.3d 629, 630 (6th Cir.1994); Harbour Lights Marina v. Wandstrat, 153 B.R. 781 (Bankr.S.D.Ohio 1993).

### I. FACTS

The record in this case reveals the following material facts. The debtors in this case, Harold E. Stockburger, Sr. and Rebecca A. Stockburger, were citizens and residents of the State of Georgia. They filed a petition in bankruptcy under Chapter 7. Subsequently, the matter was converted to bankruptcy under Chapter 13. Unsuccessful in their efforts to protect their residence, the debtors converted the bankruptcy back to Chapter 7.

At the time they filed their petition in bankruptcy, the debtors owned a business in Chattanooga, Hamilton County, Tennessee. Certain personal property was located at the business which was auctioned by the trustee in bankruptcy. The property has been reduced to cash.

The debtors claimed an exemption as to the property pursuant to 11 U.S.C. § 522. They asserted that under the law of Georgia, their state of residence, they were entitled to an exemption which covered the entire proceeds of the sale. The trustee objected to the exemption and asserted that any exemptions should be decided by Tennessee law, and not Georgia law, since the property was located in Tennessee and the debtors never had any intent of moving the property to Georgia.

On February 23, 1995, after hearing arguments from the parties regarding this matter, Judge Stinnett held that under section 522, the state of the debtors' domicile governed, and not the law of the forum. Accordingly, the court granted the exemption to the debtors. From this decision, the trustee appeals.

### II. ISSUE ON APPEAL

█ The sole issue to be decided by this Court is whether a bankrupt debtor may claim as exempt property located in a state other than the state of his residence and domicile.

The relevant statute, 11 U.S.C. § 522(b) reads in pertinent part as follows:

An individual debtor may exempt from property of the estate . . .

(2)(A) any property that is exempt under Federal law . . . or state or local law that is applicable on the date of the filing of the petition at the place in which the debtors' domicile has been located for the 180 days immediately preceding the date of the filing of the petition.

The parties have ably briefed this issue. However, neither party has been able to

---

1. Section 158 provides in pertinent part:

(a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees. . . .

provide the Court with any authority directly on point. This may be a matter which arises so rarely that no written decisions have been issued.

In his brief, the trustee does not argue the bankruptcy judge incorrectly interpreted the plain language of § 522(b); nor does the trustee argue § 522(b) is ambiguous. Rather, the trustee contends exemptions should be determined by applying the law where property is permanently located. In fleshing out this argument, the trustee makes the following assertions: (1) but for the bankruptcy proceeding, the debtor's property would not be exempt, (2) the law of the forum determines what property is exempt from execution, and (3) public policy argues in favor of using the statute exemptions of the location of the property rather than the domicile of the debtor.

The Court begins its analysis by resort to the plain language of the statute. "[I]n interpreting a statute a court should always turn first to one cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253–54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992). "When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Id. citing Rubin v. United States*, 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981). Hence, the Court will look to the plain language of § 522 in addressing the trustee's arguments.

■ Before considering the trustee's contentions, however, the Court observes, first, that § 522 is quite lengthy, and second, the section is entitled "Exemptions." Therefore, based upon the title of the statute and the Court's observation of its length, the Court finds § 522 to be comprehensive with respect to exemptions.

Next, looking at the context of § 522(b), the Court concludes that a plain reading of the section leads to this result: it is the debtor's domicile which governs. Nowhere does section 522(b) refer to the location of the property, nor does it refer to the location of the bankruptcy court. The statute clearly makes the exemption dependent upon the state law of the debtor's domicile.

In addition, this Court believes the trustee's concerns regarding extraterritorial effects of state law are misplaced. We are dealing with a federal statute which has incorporated state law into its application. Upon incorporation, that state law became a part of the federal statutory scheme; so, it is federal law being given effect, not state law. The Court also is of the opinion the trustee's misgivings are misplaced regarding vagaries of state law resulting in inconsistent application of the law. The statute is a federal statute with nationwide application. However, regardless of whether the statute requires a wise or unwise result, the obligation of this Court is to give effect to the plain meaning of the statute.

While the Court finds the trustee's arguments appealing, the Court notes these arguments fail to address the plain language of the statute. Whatever the treatment of the debtor's property outside of bankruptcy is of scant relevance since the debtor is in bankruptcy and the bankruptcy statutes govern. Public policy arguments and even plain purpose arguments are of no avail if the plain language of the statute is clear.

Based on the above analysis, the Court agrees with the bankruptcy court's construction of section 522(b). Section 522(b) requires a bankruptcy court to apply the exemptions of the debtor's domicile.

## III. *CONCLUSION*

Having considered the arguments of the parties and the applicable law, the Court is of the opinion the Bankruptcy Court's decision was correct. Accordingly, the decision of the Bankruptcy Court will be **AFFIRMED.**