In re Edward T. WEZA, Jr., Debtor.

No. 99–13113–JMD.

United States Bankruptcy Court,
D. New Hampshire.

April 24, 2000.

Eric Edward Nord, Nixon Peabody LLP, Manchester, NH, for Debtor.

Stephen Booth, Tony Soltani, Dover, NH, for Donald Rott.

### MEMORANDUM OPINION AND ORDER

J. MICHAEL DEASY, Bankruptcy Judge.

## I. INTRODUCTION

The Court has before it an objection filed by Donald Rott (the "Creditor") to the Debtor's claimed exemption in real property located in Massachusetts, which the Debtor owns as a tenant by the entirety with his non-debtor spouse. In Schedule C to his bankruptcy petition, the Debtor claimed an exemption in the property pursuant to "Massachusetts Homestead Exemption of Spouse." The issue before the Court is whether the Debtor is entitled to claim such an exemption under 11 U.S.C. § 522(b)(2).

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. FACTS

The Debtor and his non-debtor spouse purchased property located at 41 Holbrook Avenue in Lowell, Massachusetts as tenants by the entirety in 1962. The Debtor and his wife have not filed an election to create a statutory tenancy by the entirety under Massachusetts General Laws ("M.G.L.") c. 209, § 1A. The parties agree that the Debtor's rights as a tenant by the entirety are governed by Massachusetts common law.

The Debtor and his wife are legally separated pursuant to a court order entered in the mid–1980s. The Debtor has not resided at the property for approximately six years but, rather, the Debtor has resided in New Hampshire. At the time of his bankruptcy filing, the Debtor was domiciled in New Hampshire. The Debtor's wife is domiciled in Massachusetts. She filed a Massachusetts homestead election on November 7, 1997 pursuant to M.G.L. c. 188, § 1A. Because the Debtor's wife is sixty-seven years old, her homestead exemption is in the amount of $200,000. The parties do not dispute that the Debtor has

not filed a separate Massachusetts homestead election.

On October 4, 1999, the Debtor filed an individual Chapter 7 bankruptcy petition. The Debtor's wife did not join in the petition. On Schedule A, the Debtor valued his tenancy by the entirety interest in the former marital home as being worth $60,000. In Schedule C, he indicated that the full market value of the former marital home was $120,000 and claimed a $200,000 exemption in the home pursuant to "Massachusetts Homestead Exemption of Spouse." On December 7, 1999, the Creditor filed an objection to the Debtor's claim of exemption. The Court held two hearings on the motion and took the matter under advisement.

## III. DISCUSSION

The issue before the Court is whether the Debtor is entitled to an exemption in the property under 11 U.S.C. § 522(b)(2). Section 522(b)(2) provides:

> Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.... [This property includes]—
>
> (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place; and
>
> (B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

11 U.S.C. § 522(b)(2). The Debtor argues that he is entitled to exempt his interest in the property pursuant to section 522(b)(2)(A) and (B). The Creditor of course argues that the Debtor is not entitled to an exemption under either subsection. Pursuant to the Federal Rules of Bankruptcy Procedure, "the objecting party has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr.P. 4003(c).

### A. Exemption under 11 U.S.C. § 522(b)(2)(A)

■ The Debtor does not claim an exemption under the so-called "federal exemptions" set forth in section 522(d) of the Bankruptcy Code. Rather, he elected to claim the so-called "state exemptions" provided under section 522(b)(2)(A). The "state exemptions" include exemptions available under both applicable state law and federal law other than the Bankruptcy Code. The parties have raised the issue of what state law applies to the claimed homestead exemption in this case. Section 522(b)(2)(A) specifically provides that it is the "State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition." The Debtor argues that Massachusetts law applies. The Creditor argues that New Hampshire law applies.

■ Because the Debtor was a domiciliary of New Hampshire for the 180 days preceding his bankruptcy filing, under the plain language of the statute, the law of New Hampshire applies to any claim for a homestead exemption made by the Debtor. *See In re Arrol,* 170 F.3d 934, 935–36 (9th Cir.1999) (stating "the debtor is entitled to claim the exemptions provided by the law of the state where the petition was filed" if the state has "opted out" of the federal exemption scheme); *In re Stockburger,* 192 B.R. 908, 910 (E.D.Tenn. 1996) ("[Section 522(b)(2)(A)] clearly makes the exemption dependent upon the

state law of the debtor's domicile."); *Howison v. Hidler (In re Hidler)*, 192 B.R. 790, 793 (Bankr.D.Me.1996) ("Debtor is only entitled to one exemption under the law of the state in which he was domiciled for 180 days preceding the filing of the petition."); King et al., *Collier on Bankruptcy* ¶ 522.06 (15th rev. ed. 1998) ("If the debtor chooses the option of claiming exemptions under state law, the state exemption law that applies is that of the state in which the debtor's domicile has been located for 180 days preceding the filing of the petition … [T]he court must give effect to those exemptions allowed by the debtor by the law of the state of domicile, and it makes no difference where the property is situated or where the petition initiating a case under title 11 is filed, so long as the property is exempt under the law of the domiciliary state."). The New Hampshire homestead exemption may be utilized by the Debtor to exempt an interest in property located outside New Hampshire because the language of the homestead statute, RSA 480:1, does not limit the homestead exemption to property located in New Hampshire. *See Arrol*, 170 F.3d at 936 (stating that the California exemption statute does not limit the homestead exemption to dwellings within California unlike the exemption statutes in some other states).

In Schedule C, the Debtor claims a homestead exemption based upon "Massachusetts Homestead Exemption of Spouse." To the extent that the Debtor's claim of homestead exemption under section 522(b)(2)(A) is based upon Massachusetts law, the Creditor's objection must be sustained as the only law applicable according to section 522(b)(2)(A) is the state law "at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition," which in this case is New Hampshire.

■ To the extent that the Debtor's claim of homestead exemption is based upon New Hampshire law, the Creditor's

objection must also be sustained. The New Hampshire homestead statute provides that a debtor is entitled to exempt $30,000 worth of his homestead. *See* RSA 480:1. One of the prerequisites for asserting the New Hampshire homestead exemption is that the debtor reside at the property. *See In re Eckols*, 63 B.R. 523, 524 (Bankr.D.N.H.1986) ("The New Hampshire Supreme Court has read into the statute the further requirement that 'occupancy' is essential to the existence of the homestead right, and that for the purpose of the creation of the homestead right the occupancy must be actual and physical in nature."); *Currier v. Woodward*, 62 N.H. 63 (1882) (holding that mere intention to occupy premises as a home at some future time, without actual residence or occupancy, is insufficient to establish a homestead). While the Court acknowledges that in other cases in this jurisdiction failure to occupy the home at the time of the bankruptcy filing has not proved fatal to a debtor's claim of homestead exemption, the Court finds that the facts of this case do not warrant applying the exception to the occupancy rule that has arisen through case law. Here, the Debtor is not temporarily absent from the home because of a pending divorce action, *see Eckols*, 63 B.R. at 527; *In re Cilley*, 64 B.R. 32, n. 3 (D.N.H.1986), but, rather, it is undisputed that the Debtor and his wife have been legally separated pursuant to a final court order entered sometime in the mid–1980s and that the Debtor has not lived at the property for the past six years. Accordingly, the Debtor is not entitled to claim a homestead exemption in the property pursuant to New Hampshire law.

**B. Exemption under 11 U.S.C. § 522(b)(2)(B)**

■ Pursuant to section 522(b)(2)(B), the Debtor is entitled to an exemption in the property to the extent that his interest as a tenant by the entirety is exempt from process under applicable nonbankruptcy law. Section 522(b)(2)(B) does not limit

"applicable nonbankruptcy law" to the law of the debtor's domicile. Rather, the situs of the asset that is held by a debtor as a tenant by the entirety is the sole determinant of whether section 522(b)(2)(B) can protect the property from the claims of creditors. *See In re Cochrane,* 178 B.R. 1011, 1020 (Bankr.D.Minn.1995). Because the property in this case is located in Massachusetts, Massachusetts law governs the exemption issue under section 522(b)(2)(B).

■ Under Massachusetts law, property held by a common law tenancy by the entirety can be attached by the creditors of the husband and is subject to seizure and execution by the husband's creditors even while the property remains the principal residence of the non-debtor wife. *See Hidler,* 192 B.R. at 794 ("Under the common law, Debtor's interest is not exempt from process—creditors can attach, levy on, and dispossess a debtor from his property but always subject to the spouse's right of survivorship."); *cf. In re Snyder,* 231 B.R. 437, 442 (Bankr.D.Mass. 1999) (discussing statutory tenancies by the entirety). The wife's interest in the tenancy consists exclusively of her right of survivorship. *See Coraccio v. Lowell Five Cents Sav. Bank,* 415 Mass. 145, 612 N.E.2d 650, 653 (1993). Thus, although an individual creditor of the husband can levy and sell on execution his interest in the tenancy, and dispossess both the husband and the wife from the property, the property remains subject to the wife's survivorship right. *See id.; Hidler,* 192 B.R. at 794; *In re Robbins,* 187 B.R. 400, 405 (Bankr.D.Mass.1995). If the husband dies before the wife, the creditor loses all of his interest in the property. *See Coraccio,* 612 N.E.2d at 653. If the wife dies before the husband, the creditor retains his interest free and clear of the claims of both the husband and his wife's estate.

■ Because under Massachusetts common law the Debtor's interest in the property as a tenant by the entirety is not exempt from process, the Debtor cannot assert an exemption under section 522(b)(2)(B). For this reason, the Court must sustain the Creditor's objection to the Debtor's claim of exemption under section 522(b)(2)(B).

## C. Observations

■ Although the Chapter 7 trustee ("Trustee") took no action or position with respect to the exemption issue raised by the Creditor, the Court notes that, given its decision, the Trustee must consider whether to take steps to sell the Debtor's tenancy by the entirety interest in the property or to abandon the property because it is burdensome or of inconsequential value and benefit to the estate. *See* 11 U.S.C. §§ 541(a)(1), 554(a), and 704(1); *Robbins,* 187 B.R. at 405. In making his determination, the Trustee must consider the following: (1) the value of the Debtor's tenancy by the entirety interest; (2) the effect of the non-debtor spouse's homestead declaration under Massachusetts law; and (3) the likelihood that the Court would approve a sale of the property pursuant to 11 U.S.C. § 363(h). In order to assist the Trustee, the Court makes the following observations.

First, the Court notes that determining the value of the Debtor's tenancy by the entirety interest will be a difficult task. In *Snyder,* the court refused to determine the value of the debtor's tenancy by the entirety interest in the context of a lien avoidance motion under 11 U.S.C. § 522(f) because to do so would be "speculative and hardly immune from error." *See Snyder,* 231 B.R. at 445. Instead the court entered a provisional order pending the actual termination of the tenancy.[1] Other courts have indicated that the determination of a party's tenancy by the entirety interest

---

1. The *Snyder* decision is currently under appeal with the Bankruptcy Appellate Panel for the First Circuit. While a panel of judges has already heard oral argument on the appeal, no decision has yet been entered.

normally involves actuarial matters. *See, e.g., Coombs,* 86 B.R. at 315; *In re Paul,* 67 B.R. 342, 349 (Bankr.D.Mass.1986).

Second, the Court notes that, despite the Debtor's inability to claim a homestead exemption under New Hampshire law and section 522(b)(2) of the Bankruptcy Code, the Trustee may be faced with the homestead exemption issue under Massachusetts law as it is undisputed that the Debtor's wife filed a declaration of homestead in accordance with Massachusetts law. At least one bankruptcy judge in Massachusetts has held that, under M.G.L. c. 188, § 1, one spouse's declaration of homestead operates to exempt both spouses' equity in the property to the extent of $100,000. *See In re Sebio,* 237 B.R. 1, 2 (Bankr. D.Mass.1999). Accordingly, the non-debtor spouse and the Debtor may each have rights of homestead that may impact the value of the estate's interest in the property.

Third, in order to sell the property the Trustee will be required to file a complaint under section 363(h). *See* Fed. R. Bankr.P. 7001(3). "With certain limitations section 363(h) permits the sale of both the debtor's interest and the interest of any co-owner in property." *In re Belyea,* Bk. No. 98–12121–JMD, 1999 WL 1249490 (Bankr.D.N.H. Nov.8, 1999). While some courts have approved the sale of entireties property, *see Hidler,* 192 B.R. at 795, at least one court has held that the requirements of section 363(h) were not met where the proceeds from the sale would be held by the husband and wife as tenants by the entirety and would be placed on deposit with the interest being paid to the husband during the joint lives of the husband and wife. *See Salem v. Coombs (In re Coombs),* 86 B.R. 314, 317–18 (Bankr.D.Mass.1988) (holding that the detriment to the non-debtor spouse from the sale of entireties property outweighed

the benefit to the estate of periodic payments that would ultimately result from the sale and deposit of proceeds).

## IV. CONCLUSION

For the reasons outlined above, the Court sustains the Creditor's objection to the Debtor's claim of exemption in the Massachusetts property. The Debtor is not entitled to an exemption under section 522(b)(2).[2] In light of the Court's ruling, the Trustee should take whatever steps he deems appropriate under the Bankruptcy Code and applicable non-bankruptcy law. This opinion and order constitute the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

---

2. The Court notes that after the parties filed their memoranda of law on the issues under section 522(b)(2), the Debtor filed an amendment to Schedule C claiming an $8,000 wildcard exemption in the property pursuant to RSA 511:2(XVIII). As no objection to the claim of this new exemption has been filed within the time prescribed by Federal Rule of Bankruptcy Procedure 4003(b), this new $8,000 claim of exemption will stand.