**In re Cynthia L. DUBRAVSKY, Debtor.**

**Bankruptcy No. 07–11198–JMD.**

United States Bankruptcy Court, D. New Hampshire.

Aug. 20, 2007.

Alexander G. Nossiff, Nossiff & Giampa, P.C., Dover, NH, for Debtor.

### *ORDER*

J. MICHAEL DEASY, Bankruptcy Judge.

The Court has before it the Objection to Claimed Exemption (Doc. No. 16) (the "Objection") filed by Lawrence Sumski, chapter 13 trustee (the "Trustee"). The Trustee is objecting to Cynthia Dubravsky's (the "Debtor") claim of a homestead exemption pursuant to NH RSA 480:1 in the amount of $100,000.00. After notice, the Court held a hearing on the Objection on August 17, 2007. At the hearing, the

Debtor and the Trustee submitted the matter to the Court on an agreed statement of facts and agreed documentary evidence. The Court took the Objection under advisement.

At the hearing, the parties stipulated that a copy of the decree of the York District Court, State of Maine, dated January 6, 2005, and docketed on January 10, 2005 (the "Decree"), together with the stipulation between the Debtor and her former spouse dated November 24, 2004 (the "Stipulation"), marked as Debtor's exhibit 1, could be entered into evidence as a true copy of such documents. The parties also agreed in open court that (1) the Debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code on June 8, 2007 (the "Petition Date"); (2) the Debtor has not resided in her former home in Eliot, Maine (the "Residence") since January 1, 2005; (3) the Decree became final in early January of 2005; (4) the Debtor executed and delivered to her former spouse a quitclaim deed of her interest in the Residence pursuant to the terms of the Stipulation which was incorporated into the Decree; and (5) the Debtor's interest in the Residence, under the terms of the Decree, was worth less than $100,000.00 on the Petition Date. In schedule C the Debtor claimed exemptions in "monies owed by ex-husband from former mrital (sic) home at time of sale" in the amount of $8,000.00 pursuant to NH RSA 511:2(XVIII) and $100,000.00 pursuant to NH RSA 480:1. The Trustee did not object to the first claim of exemption.

The New Hampshire homestead statute, NH RSA 480, applies to a claim of homestead in real estate not located in New Hampshire. *In re Weza*, 248 B.R. 470, 472–73 (Bankr.D.N.H.2000) (*citing In re Arrol*, 170 F.3d 934, 936 (9th Cir.1999)). Actual and physical occupancy is essential to establish a claim of homestead under New Hampshire law. *In re Eckols*, 63 B.R. 523, 524 (Bankr.D.N.H.1986). Thus, the voluntary sale of a residence results in a loss of the homestead right under New Hampshire law. *In re Schalebaum*, 273 B.R. 1, 2 (Bankr.D.N.H.2001). However, once homestead is established, temporary absence, with the intent to return or incident to a pending divorce, does not result in a loss of homestead. *Eckols*, 63 B.R. at 527. In addition, terminating occupancy, with no intent to return pursuant to a divorce stipulation under which a debtor would receive one-half of the proceeds upon sale, also does not result in a loss of homestead. *Bower v. Deickler* (*In re Deickler*), 1999 BNH 026, 9, 1999 WL 33457772 (*citing Eckols*, 63 B.R. at 527).

Based upon the stipulated facts and the record in this case, the Court finds that (1) the Debtor formerly occupied the Residence as her home; (2) she ceased occupancy of the residence incident to a divorce; (3) the Decree incorporated the Stipulation under which the Debtor surrendered her interest in the Residence in return for a one-half interest, after adjustments, in the net sale proceeds when the Residence was sold under the terms of the Decree; (4) the Decree was entered about two and one-half years before the Petition Date; and (5) the time for sale under the terms of the Decree will occur in approximately two years from the Petition Date. This Court's decision in *Deickler*, which adopted Judge Yacos' decision in *Eckols*, controls the result in this matter. The facts in this case are essentially identical to the facts in *In re Follomon*, which were reported and decided in *Eckols*. *Eckols*, 63 B.R. at 526.

Accordingly, the Objection is hereby OVERRULED.